MARTHA J. HEIDRICH, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2409–69, 2410–69, 2423–69—2425–69, 2459–69.
Filed February 10, 1971.

*Kenneth G. Anderson* and *Hugh F. Culverhouse*, for the petitioners.
*James D. Burroughs*, for the respondent.

FORRESTER, *Judge:* In these consolidated proceedings respondent has determined deficiencies in petitioners' gift tax and additions to that

---

[1] Cases of the following petitioners are consolidated herewith : Paul D. Heidrich, docket No. 2410–69 ; Doris M. Heidrich, docket No. 2423–69 ; Francis X. Heidrich, Sr., docket No. 2424–69 ; Herman J. Heidrich, docket No. 2425–69 ; and Sarah F. Heidrich, docket No. 2459–69.

tax under sections 6651(a), 6653(a), and 6653(b) of the Internal Revenue Code of 1954 [2] as follows:

| Petitioner | Docket No. | Year | Deficiency | Additions to tax | | |
|---|---|---|---|---|---|---|
| | | | | Sec. 6651 (a) | Sec. 6653 (a) | Sec. 6653 (b) |
| Martha J. Heidrich | 2409-69 | 1955 | $457.50 | $114.38 | | |
| | | 1956 | 952.50 | 238.12 | | |
| | | 1957 | 1,650.00 | 412.50 | | |
| | | 1958 | 6,375.00 | | $318.75 | |
| | | 1959 | 4,305.00 | | | |
| | | 1962 | 3,158.63 | | | |
| | | 1963 | 1,012.50 | 253.13 | | |
| | | 1964 | 2,047.52 | | | |
| Paul D. Heidrich | 2410-69 | 1955 | 457.50 | 114.38 | | |
| | | 1956 | 952.50 | 238.12 | | |
| | | 1957 | 2,055.00 | | | |
| | | 1958 | 8,490.00 | | 424.50 | |
| | | 1959 | 4,357.50 | | | |
| | | 1962 | 4,580.69 | | | |
| | | 1963 | 2,677.20 | | | |
| | | 1964 | 2,178.40 | 217.84 | | |
| Doris M. Heidrich | 2423-69 | 1955 | 1,117.50 | 276.85 | | |
| | | 1956 | 2,077.50 | 519.38 | | |
| | | 1957 | 5,400.00 | | | |
| | | 1958 | 5,355.00 | | 267.75 | |
| | | 1959 | 1,470.00 | | | |
| | | 1962 | 2,936.75 | | | |
| | | 1963 | 3,811.36 | 952.84 | | |
| | | 1964 | 1,653.75 | 165.38 | | |
| Francis X. Heidrich, Sr | 2424-69 | 1955 | 1,035.00 | 258.75 | | |
| | | 1957 | 6,300.00 | | | |
| | | 1958 | 5,985.00 | | 299.25 | |
| | | 1962 | 4,211.57 | | | |
| | | 1963 | 4,004.15 | | | |
| | | 1964 | 1,653.78 | | | |
| Herman J. Heidrich | 2425-69 | 1955 | 1,725.00 | | | $862.50 |
| | | 1956 | 5,118.75 | | | 2,559.38 |
| | | 1957 | 34,791.96 | | | 17,395.98 |
| | | 1958 | 11,250.71 | | | 5,625.36 |
| | | 1959 | 1,440.00 | | | 720.00 |
| | | 1960 | 6,720.00 | | | 3,360.00 |
| | | 1961 | 1,440.00 | | | |
| Sarah F. Heidrich | 2459-69 | 1955 | 1,725.00 | | | 862.50 |
| | | 1956 | 5,118.75 | | | 2,559.38 |
| | | 1957 | 34,791.96 | | | 17,395.98 |
| | | 1958 | 11,250.71 | | | 5,625.36 |
| | | 1959 | 1,440.00 | | | 720.00 |
| | | 1960 | 6,720.00 | | | 3,360.00 |
| | | 1961 | 1,440.00 | | | |

The parties have settled many of the originally disputed issues. The only question remaining for our decision is whether petitioners' gifts to trusts established for their minor children and grandchildren were other than future interests in property so as to entitle petitioners to the yearly $3,000 per-donee exclusion from taxable gifts allowed by section 2503(b).

### FINDINGS OF FACT

All of the facts have been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference.

Petitioners Herman J. and Sarah F. Heidrich (hereinafter referred

---

[2] Unless otherwise specified all section references are to the Internal Revenue Code of 1954, as amended.

to as Herman and Sarah) were husband and wife and resided in Orlando, Fla., at the time of the filing of their petitions herein. Petitioners Francis X. and Doris M. Heidrich (hereinafter referred to as Francis and Doris) were husband and wife and resided in Winter Park, Fla., at the time of the filing of their petitions herein. Petitioners Paul D. and Martha J. Heidrich (hereinafter referred to as Paul and Martha) were husband and wife and also resided in Winter Park, Fla., at the time of the filing of their petitions herein. Petitioners filed all of their Federal gift tax returns for the years involved with the district director of internal revenue at Jacksonville, Fla.

Herman and Sarah had four children including Paul and Francis.[3] Francis and Paul have sired a total of 23 children; each child lived with and was provided for by his respective parents. Francis and Paul, as well as Herman, were persons of substantial financial means.

Petitioners established separate trusts for each of these children who were in being during the years in issue. The corpus of each trust consisted of corporate debenture bonds[4] which certain[5] of the petitioners donated to the trusts from time to time during the relevant years. At the time each of these gifts was made the child to whom the benefit of the gift would accrue was a minor.

The terms of each of these separate trusts were identical; they differed only in the names of the parties involved. After setting forth the names of the parties, the intentions of the donors, the purposes of the trust, the general powers of the trustees, and provisions pertaining to transactions with third parties, each trust agreement provided as follows:

5. Out of the gross income received by the Trustee from the Trust Estate, the Trustee shall pay the cost and expenses of this Trust, and all costs, charges and expenses necessary in his opinion to be paid for the protection, management, operation and upkeep of the Trust Estate as above defined, including premiums on insurance, interest on indebtedness for the security of which any part of the Trust Estate may be mortgaged or pledged, and including payments on the principal of such indebtednesses in such amounts as to the Trustee may seem necessary or wise to make from time to time, and the Trustee shall retain in his hands, out of the gross income, such amounts as in his opinion may be necessary in order to have on hand sufficient funds to meet and pay subsequently maturing payments herein authorized by him to be paid. The Trustee shall pay to the beneficiary, [name of beneficiary] or apply on said beneficiary's behalf such income from the Trust and so much of the principal thereof as may be neces-

---

[3] Their other two children both died of cancer at the age of 31 in 1947 and 1953, respectively.

[4] These bonds, which typically matured in 20 years and provided for interest of 5 percent annually, were issued by various corporations each of whose outstanding stock was wholly owned by Herman, Francis, and Paul. The interest specified by the donated bonds was paid to the trusts on or about the due dates for payment.

[5] Some of the petitioners' alleged gift tax liability is based upon the application of the gift-splitting provisions of sec. 2513.

sary for the education, comfort and support of the beneficiary, and shall accumulate for such beneficiary all income not so needed. The Trust Estate shall be deemed vested absolutely in said beneficiary and shall be the beneficiary's property, but the Trustee is authorized and directed to hold said Estate unless the Trust be prior terminated, as hereinafter provided.

6. This Trust shall terminate when the beneficiary shall have reached the age of twenty-one (21) years, or as hereinafter provided, and the corpus and remainder of the Trust Estate in the hands of the Trustee, both principal and interest, including all accumulated income, shall pass to and be delivered, transferred, conveyed and assigned to the beneficiary, [name of beneficiary] provided, however, that the beneficiary give notice to the Trustee in writing within thirty (30) days after reaching said twenty-first (21st) birthday, of the intention to terminate and demand for the property, and in the event the beneficiary does not give notice as aforesaid, this Trust shall remain in full force and effect until the beneficiary reaches twenty-five (25) years of age or until such time as the beneficiary shall give notice to the Trustee in writing, of said beneficiary's intention to terminate this Trust and demand the property, at which time this Trust shall unconditionally cease and said property hereinabove described shall pass to and be delivered, transferred, conveyed and assigned to said beneficiary. The beneficiary shall be entitled to all or any part of the Trust Estate or terminate said Trust Estate in whole or in part whenever the beneficiary's legally appointed guardian shall make due demand thereon by instrument in writing, filed with the Trustee, and upon such demand the Trustee shall pay said Trust Estate or the part thereof for which demand is made, to said legally appointed guardian.

## Each trust agreement also provided that;

The trustee is specifically authorized to accept any and all additional gifts of principal or income from any other donor or donors and to accept the same under the terms of this Trust Agreement, and any further gifts shall be governed by the terms of this original agreement. * * *

No court of competent jurisdiction ever appointed a legal guardian for any of the children benefited by the trusts.

Respondent determined that petitioners' gifts in trust for their minor children and grandchildren were future interests in property and, hence, not eligible for exclusion from taxable gifts under the provisions of section 2503(b).[6]

### OPINION

Petitioners argue that the gifts were gifts of present interests in the traditional common-law sense, and that, in any event, by virtue

---

[6] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

of the legislatively created exception delineated in section 2503(c) [7] the trust arrangements "[should not] be considered a gift of a future interest in property for purposes of subsection (b)." We agree with petitioner that the gifts here qualify as transfers for the benefit of minors in accordance with the provisions of section 2503(c).[8]

Respondent argues that each trust imposes "substantial restrictions" on the trustee's discretion to pay over the income or property of the trust to the named beneficiary, and therefore fails to satisfy the conditions of section 25.2503–4(b)(1) of the Gift Tax Regs.,[9] a provision which we recently approved in *James T. Pettus, Jr.*, 54 T.C. 112 (1970). Respondent points specifically to the language of the trust agreements which provides that:

> The Trustee shall pay to the beneficiary, [name of beneficiary] or apply on said beneficiary's behalf such income from the Trust and so much of the principal thereof *as may be necessary* for the education, comfort and support of the beneficiary, and shall accumulate for such beneficiary all income *not so needed*. * * * [Emphasis supplied.]

The Commissioner concedes that "education, comfort and support"

---

[7] SEC. 2503(c). TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

[8] Since no court of competent jurisdiction ever appointed legal guardians for any of the beneficiaries of the instant trusts, during each beneficiary's minority there was no one to make an effective demand for the trust funds pursuant to par. 6 of the trust agreements. Therefore, petitioner's first contention would stand on less than secure ground before this Court. See *Arthur O. Stifel, Jr.*, 17 T.C. 647 (1951), affd. 197 F. 2d 107 (C.A. 2, 1952); but see *Crummey* v. *Commissioner*, 397 F. 2d 82 (C.A. 9, 1968), reversing a Memorandum Opinion of this Court; *Gilmore* v. *Commissioner*, 213 F. 2d 520 (C.A. 6, 1954), reversing 20 T.C. 579 (1953); *Kieckhefer* v. *Commissioner*, 189 F. 2d 118 (C.A. 7, 1951), reversing 15 T.C. 111 (1950).

[9] Sec. 25.2503–4. Transfer for the benefit of a minor.

(b) Either a power of appointment exercisable by the donee by will or a power of appointment exercisable by the donee during his lifetime will satisfy the conditions set forth in paragraph (a)(3) of this section. However, if the transfer is to qualify for the exclusion under this section, there must be no restrictions of substance (as distinguished from formal restrictions of the type described in paragraph (g)(4) of § 25.2523(e)–1) by the terms of the instrument of transfer on the exercise of the power by the donee. However, if the minor is given a power of appointment exercisable during lifetime or is given a power of appointment exercisable by will, the fact that under the local law a minor is under a disability to exercise an intervivos power or to execute a will does not cause the transfer to fail to satisfy the conditions of section 2503(c). Further, a transfer does not fail to satisfy the conditions of section 2503(c) by reason of the mere fact that—

(1) There is left to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure is to be made, provided there are no *substantial restrictions* under the terms of the trust instrument on the exercise of such discretion; [Emphasis supplied.]

are purposes broad enough not to constitute "substantial restrictions" upon the trustee's discretion. Cf. Rev. Rul. 67–270, 1967–2 C.B. 349. However, he contends that the phrases "*as may be necessary*" and "*not so needed*" impose "a substantial obstacle to the exercise of the trustee's discretionary power" because "where a trustee's power is exercisable only in the event of need (as so clearly required by the terms of this trust), there is a substantial restriction on the power within the meaning of Section 25.2503–4(b) of the Regulations."

A perusal of the recent cases dealing with restrictions on trusts for the benefit of minors would show that the allegedly restrictive language of the instruments here does not significantly affect the trustee's normal discretionary power to expend the trust's income or property. See *Williams* v. *United States*, 378 F. 2d 693 (Ct. Cl. 1967) ; *Duncan* v. *United States*, 368 F. 2d 98 (C.A. 5, 1966) ; *Ross* v. *United States*, 348 F. 2d 577 (C.A. 5, 1965) ; *Mueller* v. *United States*, an unreported case (W.D. Mo. 1969, 23 A.F.T.R. 2d 69–1864, 69–1 U.S.T.C. par. 12,592). A discretionary trust power conditioned upon a general requirement of need is not so restrictive that it will cause the trust to be ineligible for treatment under section 2503(c). *Mueller* v. *United States, supra*. Indeed, as we recognized in *James T. Pettus, Jr.*, 54 T.C. at 120 (1970) :

The section appears to contemplate that the trustee or other person authorized to administer the gift may have discretion from the time the gift is made until the donee reaches 21 years of age to expend the property for the benefit of the minor to the extent that *it is needed*. * * * [Emphasis supplied.]

Here, respondent admits that the purposes "education, comfort and support" do not themselves constitute "substantial restrictions" upon the trustee's discretionary power. The additional phrase "*as may be necessary*" embodies no more than the settlor's gratuitous directive to the trustee to do what would have been required had the phrase been omitted. The phrase neither adds to nor detracts from what would otherwise have been the trustee's discretionary power to distribute trust funds for the purposes "education, comfort and support" because the purposes are so broad that to determine what may be necessary to accomplish them is to determine how to accomplish them. Similarly, the use of the phrase "*as not needed*," in referring back to the phrase "*as may be necessary*," reflects only the draftsman's desire to achieve an internally consistent sentence.

The *Pettus* case itself is distinguishable because the actual purposes of the trust there were so narrow that they constituted a substantial restraint upon the trustee's discretion. Furthermore, respondent's reliance on such cases as *Commissioner* v. *Disston*, 325 U.S. 442 (1945) ; *Fondren* v. *Commissioner*, 324 U.S. 18 (1945) ; *Jennings.* v. *Smith*,

161 F. 2d 74 (C.A. 2, 1947) ; and *Camiel Thorrez*, 31 T.C. 655 (1958), affd. 272 F. 2d 945 (C.A. 6, 1959), is misplaced. None of these early cases dealt with the "substantial restrictions" language of section 25.2503–4(b) (1), Gift Tax Regs.[10]

Therefore, we find that the terms of the instant trusts "when read as a whole approximate the scope of the term 'benefit,' as used in section 2503(c)." Rev. Rul. 67–270, 1967–2 C.B. 349.

Respondent also contends that the terms of the trust agreement fail to satisfy section 2503(c) (2) (A). A transfer in trust for a minor does not meet the requirements of section 2503(c) (2) (A) unless the trust arrangement provides that the trust's unexpended income and property will "pass to the donee on his attaining the age of 21 years." See *Elise McK. Morgan*, 42 T.C. 1080, 1089 (1964), affd. 353 F. 2d 209 (C.A. 4, 1965), certiorari denied 384 U.S. 918 (1966).

The trust terms themselves must require that the unexpended trust funds will pass to the donee upon his attaining the age of 21; it does not suffice that the trustee acted upon a mistaken interpretation that the trust provided for passing at the age of 21. *Laura M. Hutchinson*, 47 T.C. 680, 688, 689 (1967).

Respondent relies upon Rev. Rul. 60–218, 1960–1, C.B. 378, superseding Rev. Rul. 59–144, 1959–1 C.B. 249. That ruling held that a trust would not satisfy the requirements of section 2503(c) if, upon the donee's attaining the age of 21, the trust instrument provided alternatively that: (1) The donee might compel immediate distribution of the trust; (2) the donee might elect to extend the duration of the trust so that he would receive a distribution of one-third of the trust upon attaining 25, one-third upon attaining 29, and the balance upon attaining 33; or (3) if the donee failed to make the election, the trust would continue upon its own terms. Under the facts presented by respondent's ruling if the donee failed to make an affirmative election, he would be bound by the terms of the trust instrument until the final distribution of the trust property at age 33.

In the instant case, however, each donee, after attaining the age of 21, will have a continuing right to immediate possession of the trust property. At *any time* after attaining 21, each donee may make a simple

---

[10] Nor does Rev. Rul. 69–345, 1969–1 C.B. 226, apply to the factual situation here. The trust in question there provided that :

"The trustee shall distribute to or for the benefit of the beneficiary, until he attains the age of twenty-one years, so much of the income and principal of the trust estate as may be necessary in the sole discretion of the trustee for the care, support, education, and welfare of the beneficiary. In determining whether such need exists, the trustee shall take into consideration other resources available to the beneficiary and other payments made to him or for his benefit."

While we express neither approval nor disapproval of respondent's ruling that such a provision would impose a substantial restriction upon the trustee's discretionary power, we note that the second sentence of the quoted provision establishes an explicit restrictive standard not present in the case before us.

written demand which, upon receipt by the trustee, will require both termination of the trust and delivery of the trust property to the donee. While making such a written demand might constitute a "positive act" ( to borrow from the language of Rev. Rul. 60–218, *supra*), some sort of positive action, whether it be signing a check or physically grasping a corporate bond, is almost always necessary to place property within one's absolute and immediate possession. Here, where the only impediment to the donee's use and possession of the unexpended trust funds will be the submission of a written demand to the trustee and where the written demand will be purely within the donee's power to make, we must conclude that the trust funds will pass to the donee at the time the right to make the written demand accrues. Since each donee may make written demand upon attaining the age of 21, the trust arrangement conforms to the requirement of section 2503(c) (2)(A).

While we find and hold entirely for petitioners on the issue presented for decision, in order to reflect concessions by both parties,

*Decisions will be entered under Rule 50.*