Stuart L. **FABER** and Shirley E. Faber, Plaintiff-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

Nos. 20437, 20438.

United States Court of Appeals, Sixth Circuit.

March 29, 1971.

J. Flach Douglas, Milford, Ohio, Douglas, Carlier & Schneider, Milford, Ohio, on the brief, for appellants.

Gary R. Allen, Department of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Attys., Department of Justice, Washington, D. C., on the brief; William W. Milligan, U. S. Atty., Cincinnati, Ohio, of counsel, for appellee.

Before WEICK and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The question before us is whether ten gifts of $64,536 each to trusts made for

the benefit of the minor children of Stuart L. Faber and Shirley E. Faber, his wife, were entitled to the $3,000 annual exclusion provided in Section 2503(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 2503(b). The Commissioner held that they were not, and assessed a total gift tax deficiency of $5,753.36 for the year 1960. Appellants paid the deficiency and sued in the United States District Court for the Southern District of Ohio for its recovery. The cause was tried to the District Judge, who sustained the tax and gave judgment for the United States, 309 F. Supp. 818.

We affirm.

In April, 1960, the appellants gave their interest in certain Florida real estate to ten separate, but identical, trusts created contemporaneously in favor of their five children. Each trust received a one-fifth interest of each plaintiff's one-half interest in the property. The total value of the involved real estate exceeded $600,000. From the value of the total gifts made in 1960, each taxpayer deducted his or her lifetime exemption of $30,000; and from each of the five gifts there was also deducted $3,000 as the aforesaid annual exclusion. Thus each taxpayer deducted a sum of $45,000 from the total gift made in the year 1960.

The basis of the District Judge's decision was his view that the limitations placed upon the trustee's right to use the income of the trusts required that they be considered as "gifts of future interests" not eligible for the annual exclusion allowed by § 2503(b). In defining the powers of the trustee, the instrument of trust contained the following:

"1. The Trustee shall collect and receive the income therefrom, accumulate, invest and reinvest the accumulated income, and pay net income, accumulated income and corpus as follows:

(a) Any part or all of net income and accumulated income may be used in the sole discretion of the Trustee, *to provide for accident, illness or other emergency affecting the beneficiary*, [name inserted], the child of the undersigned, until said child shall reach the age of twenty-one (21) years. * * *" (Emphasis supplied.)

Section 2503(c) of the 1954 Code provides:

"(c) Transfer for the benefit of minor—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) *may be expended by, or for the benefit of, the donee before his attaining the age of 21 years*, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in Section 2514(c)." (Emphasis supplied.)

The District Court opinion recites that " * * * the meaning of § 2503 (c) (1) is further explained by Regulation 25.2503–4 (26 C.F.R. § 25.2503–4), the validity of which the plaintiffs do not question."

Regulation § 25.2503.4 provides:

" * * * Further, a trustee does not fail to satisfy the conditions of section 2503(c) by reason of the mere fact that—(1) There is left to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure is to be made, *provided there are no substantial restrictions under the terms of the trust instrument on the exercise of such discretion*." (Emphasis supplied.)

The critical holding was that the limitation upon the use of the trust income to provide "for accident, illness or other emergency affecting the beneficiary" constituted a "substantial restriction" upon the exercise of the trustee's discretion, and by virtue of § 2503(c) (1) as construed and explained by Treasury Regulation 25.2503–4, 26 C.F.R. § 25.-2503–4, destroyed for each gift status as a present interest in property, eligible pro tanto for application of the annual exclusion. We agree, concluding that whether we view the District Judge's ruling as a conclusion of law or a finding of fact, it was correct and not clearly erroneous.

We affirm upon the opinion of Honorable David S. Porter, and attach a copy thereof as an appendix hereto.

## APPENDIX

### MEMORANDUM OF OPINION

Porter, J.

This is an action to recover federal gift taxes, plus interest, alleged to have been illegally and erroneously assessed and collected from plaintiffs for the year 1960. The Court has jurisdiction. 28 U.S.C. § 1346(a) (1).

Prior to April 5, 1960, Stuart L. Faber, plaintiff in No. 6726, and his wife, Shirley E. Faber, plaintiff in No. 6727, each owned one-half interest in certain real estate located at Port Largo, Florida. On that date each plaintiff created, in favor of their five children, five separate but identical trusts and placed therein his or her interest in the Port Largo real estate. In other words, ten trusts were created and each received one-fifth interest in Stuart's or Shirley's one-half interest in the property.

The actual value of each gift was $64,536 for a total of $645,360 or $322,-680 for all five gifts of each plaintiff. The plaintiffs filed gift tax returns on April 21, 1961, and in each return they claimed, pursuant to § 2503(b) of the Internal Revenue Code of 1954 (hereinafter "Code"), a $3,000 exclusion with respect to each donee. That is, each plaintiff, in computing the amount of taxable gifts, claimed as an exclusion the sum of $15,000.

The Internal Revenue Service determined that plaintiffs' gifts were not entitled to the exclusions and assessed additional tax and interests against them which they duly paid. On November 23, 1964 the plaintiffs filed claims for refunds which were disallowed on April 5, 1966. This action was instituted on April 3, 1968, and the parties have, by agreement, submitted the question raised, on the pleadings and a stipulation of facts, together with exhibits.

Under § 2503(a) and (b) of the Code a gift tax is imposed on the total amount of gifts made by a taxpayer during the taxable year, excluding the first $3,000 of gifts to each donee. Section 2503(b) of the Code, however, provides that gifts of future interests do not qualify for the $3,000 exclusion. Going further, § 2503(c) states that certain transfers for the benefit of minors, which might otherwise be, are not, for the purposes of § 2503(b), to be considered gifts of future interests.

The plaintiffs conceded that if their gifts of the Port Largo real estate are to be considered present interests and thereby qualify for the § 2503(b) exclusion, it is only because of the provisions of § 2503(c). Therefore, the general question presented is whether the plaintiffs' gifts are rendered present interests for gift tax purposes by virtue of the provisions of § 2503(c) of the Code. We hold that the gifts are not present interests within the meaning of § 2503(c), and, therefore, the plaintiffs are not entitled to a refund.

The relevant portion of § 2503(c) provides:

"No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

"(1) *may be expended by,* or for the benefit of the donee before his attaining the age of 21 years, and \* \* \*." [Emphasis added.]

The relevant provision which is contained in each trust agreement is:

"1. The trustee shall collect and receive the income therefrom, accumulate, invest and reinvest the accumulated income, and pay net income, accumulated income and corpus as follows:

"(a) Any part or all of net income and accumulated income may be used in the sole discretion of the trustee, *to provide for accident, illness or other emergency affecting the beneficiary,* [name inserted], the child of the undersigned, until said child shall reach the age of twenty-one (21) years. \* \* \*" [Emphasis added.]

The entire controversy focuses on the government's argument that because the trustee is restricted by the terms of the trust agreement to only make expenditures "\* \* \* to provide for accident, illness or other emergency affecting the beneficiary \* \* \*", the § 2503(c) (1) test of "\* \* \* may be expended by \* \* \*" is not met. The taxpayers counter by maintaining that § 2503(c) (1) is not restrictive but permissive and they point to the use of the word "may" to substantiate their position. Although they have not elaborated, presumably the gist of their argument is that the controlling factor, for the purposes of § 2503(c) (1) is that the terms of the trust agreement permit the trustee to make expenditures. They contend that the fact that there are restrictions imposed on this spending power is of no consequence. To phrase the argument somewhat differently, they contend the § 2503(c) (1) test is met when, under the terms of the trust instrument, there exists the power by the trustee to make expenditures, and the likelihood or probability that such expenditures will actually be made by the trustee is not significant.

Taken at face value the plaintiffs' argument seems meritorious. However, the meaning of § 2503(c) (1) is further explained by Regulation 25.2503–4 (26 C.F.R. § 25.2503–4), the validity of which the plaintiffs do not question. That Regulation provides that restrictions imposed upon a trustee's discretion by the terms of a trust agreement do have a bearing upon the question of whether the requirements of § 2503(c) (1) are satisfied.

The relevant portion of Regulation 25.2503–4 provides:

"Further, a transfer does not fail to satisfy the conditions of Section 2503(c) by reason of the mere fact that—

"(1) There is left to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure is to be made, provided there are no substantial restrictions under the terms of the trust instrument on the exercise of such discretion; \* \* \*." [Emphasis added.]

We note that this Regulation provides that if there is a substantial restriction on the discretion of the trustee to determine either the amounts to be expended or the purpose for which the expenditure is to be made, the gifts are not present interests within the meaning of § 2503(c). We are not here concerned with restrictions on the amounts permitted to be expended, but only if there is a substantial restriction on the discretion of the trustee to determine the purpose for which the expenditures are to be made.

Williams v. United States, 378 F.2d 693, 180 Ct.Cl. 417 (1967) was the only decision which we found dealt with the legal issue here presented. The only significant difference between *Williams* and the factual situation presented here is the terms of the trust agreements involved. More precisely, in *Williams* the trustee was permitted to make expendi-

tures for the beneficiary's "* * * maintenance, education, medical care, support and general welfare * * *", whereas here spending is allowed "* * * to provide for accident, illness or other emergency affecting the beneficiary. * * *"

The Court of Claims in *Williams* held that the provisions of the trust agreement imposed no substantial restriction on the trustee's discretion and thus the gift qualified for the § 2503(b) gift tax exclusion. The discretion extended to the trustee in *Williams* is much broader than that granted the trustee under the plaintiff's trust agreement and on this basis the cases are clearly distinguishable. Even so, this does not necessarily answer the controlling question of whether there is a substantial restriction imposed on the trustee's discretion by the terms of the Faber trust. We hold that there is such a restriction imposed.

The purposes for which expenditures are permitted, with the exception of "other emergency", are explicitly set forth in the trust instrument (*i. e.*, accident and illness). We hold that "emergency," as used here, means a sudden and unexpected happening which creates a pressing necessity for which action is needed. "Other," as used here, is to be read as "other such like," and includes only other (emergencies) of a like kind and character (as accident and illness). Thus it is clear that the trustee's discretion is substantially restricted. The trustee, of course, has absolute discretion in the areas of expenditures for accident, illness or other emergencies, but that is not the test. The test is discretion to determine the *purpose* for which the expenditures are to be made. This type of discretion the Faber trustee does not have. He is substantially restricted because, by the terms of the instrument, he is denied the power to make expenditures for such matters as education or general support or maintenance.

The Court of Claims in *Williams* also laid emphasis upon the fact that the cat-

egories of expenditure available to the trustee therein were at least equal to those available to a guardian under state law. The same cannot be said of the Faber trust agreement. Under the provisions of 21 Ohio Rev.Code, §§ 2111.07, 2111.13, 2111.14 a guardian may, at least, make expenditures for the ward's support, maintenance and education. The Faber trustee does not have the same broad power.

In conclusion, we hold that there is a substantial restriction, imposed by the terms of the trust agreement, on the trustee's discretion to determine the purpose for which expenditures are to be made and, therefore, plaintiffs are not entitled to the claimed exclusions under § 2503(b) of the Code.