Mary Ethel Craig v. Commissioner.
Craig v. Commissioner
Docket No. 2824-70.
United States Tax Court
T.C. Memo 1971-254; 1971 Tax Ct. Memo LEXIS 78; 30 T.C.M. (CCH) 1098; T.C.M. (RIA) 71254; September 30, 1971, Filed. Jack B. Robertson, 600 East 11th St., Kansas City, Mo., for the *79 petitioner. Wayne A. Smith, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's gift tax for the calendar years 1966 and 1967 in the amounts of $1,297.23 and $1,524.16, respectively. The issues for decision are: (1) Whether under the provisions of section 2503(c) of the Internal Revenue Code of 1954[1] gifts in trust for the benefit of petitioner's minor grandchildren were gifts of 1099 present interests in the property transferred, so as to entitle petitioner to the annual exclusion of $3,000 for each donee provided for in section 2503(b). (2) If respondent properly determined that petitioner is not entitled to the $3,000 annual exclusions for the years here in issue, did he err in computing petitioner's tax liability by not allowing annual exclusions for the years 1959, 1960 and 1961? All of the facts have been stipulated and are found accordingly. Petitioner is an individual who resided at Joplin, Missouri at the time of the filing of the petition in this case. Petitioner filed Federal gift tax returns *80 for the calendar years 1966 and 1967 with the district director of internal revenue, St. Louis, Missouri. On November 23, 1959, petitioner created separate trusts for the benefit of David Craig Humphreys, a grandson age three, and Sarah Jane Humphreys, a granddaughter age one. On December 29, 1960, petitioner created a trust for the benefit of John Patrick Humphreys, a grandson age ten months. Ethelmae Craig Humphreys, designated as trustee under Article VII of each of the trusts, is the mother of the three beneficiaries. Each of the trust instruments provided that the trust created thereby "* * * shall be governed by the laws of the State of Missouri. Nonetheless, it shall not be a court administered trust and the Trustee shall be under no obligation annually to account to the court having jurisdiction over trusts * * *." Each of the instruments creating the aforementioned trusts, contained the following provisions: I INCOME SECTION A. The Trustee shall have power to pay the income of the trust or any part thereof to or for the benefit of said Beneficiary as long as any part of this trust shall remain undistributed, in such amounts and at such times as in the sole discretion *81 of the Trustee is deemed necessary for the proper care, support, maintenance and education of said Beneficiary. SECTION B. Any portion of such income not so distributed shall become and be considered a part of the corpus of the trust and shall be administered in like manner therewith. II PRINCIPAL SECTION A. The Trustee shall have the power in her sole and uncontrolled discretion to invade the principal of the trust estate for the use and benefit of said Beneficiary in the event the income from all sources of which the Trustee shall have knowledge shall be insufficient for the proper care, support, maintenance and education of the said Beneficiary, or in the event of emergency justifying the same in the opinion of the Trustee. SECTION B. When the said Beneficiary, if he shall survive, shall reach the age of twenty-one (21) years the property then constituting the trust estate, including any undistributed income therefrom shall be then distributed to the said Beneficiary. In the event said Beneficiary shall not survive to attain the age of twenty-one (21) years, then upon his decease, the trust estate, including any undistributed income therefrom, shall be payable to the *82 estate of said Beneficiary, or as he may appoint under a general power of appointment. Petitioner filed Federal gift tax returns for the calendar years 1959, 1960 and 1961, reflecting gifts to the trusts and an exclusion of $3,000 per donee per year. No gifts were made by petitioner to the trusts for the calendar years 1962, 1963, 1964 and 1965. On March 5, 1965, respondent mailed to petitioner, Mary Ethel Craig, a notice of deficiency asserting deficiencies in Federal gift tax for calendar years 1960 and 1961 in the amounts of $939.17 and $1,057.22 respectively. The deficiencies were based on respondent's contention that petitioner's gifts to the trusts constituted gifts of future interests for which no exclusions were allowable. The disallowance of the exclusions thus resulted in the increased Federal gift tax liability. On March 5, 1965, notices of liability were mailed to Ethelmae Craig Humphreys, Trustee for David Craig Humphreys, Transferee, and Ethelmae Craig Humphreys, Trustee for Sarah Jane Humphreys, Transferee, asserting personal liability in the amount of $495 in each case as trusteetransferee for gift tax due from Ernest Leroy Craig, Transferor, petitioner's deceased *83 husband. An election had been made on the Federal gift tax return to attribute one-half of the gifts made by petitioner to the trust in calendar year 1960 to her spouse, who died February 2, 1960. 1100 On March 28, 1965, Mary Ethel Craig, petitioner herein, and Ethelmae Craig Humphreys filed their separate petitions in this Court for a redetermination of the validity of the proposed additional assessments set forth in the respective notices. Docket Nos. 2956-65, 2957-65 and 2958-65 were assigned to those cases. The trusts and trust instruments at issue in Docket Nos. 2956-65, 2957-65 and 2958-65 are the same trusts and trust instruments at issue herein. Pursuant to the stipulated agreement of the parties this Court on October 20, 1966 entered a decision in each of those cases in which it "Ordered and Decided: That there were no deficiencies in gift tax due from or overpayment due to the petitioner for the taxable years 1960 and 1961" in Docket No. 2956-65; and "Ordered and Decided: That there was no liability due from petitioner as donee of assets of Mary Ethel Craig, Joplin, Missouri, donor, for gift tax liability of the transferor for the taxable year 1960" in Docket No. *84 2957-65 and Docket No. 2958-65. Ethelmae Craig Humphreys and J. P. Humphreys, the parents of David Craig Humphreys, Sara Jane Humphreys and John Patrick Humphreys are able to provide for the support and maintenance of their children. No expenditures have been made from any of the trusts, either from income or principal, for the care, support, maintenance or education of any of the beneficiaries, or because of any emergency, as provided for in Section A of Article II of the respective trust instruments. Petitioner on her gift tax return reported a gift of $3,000 to each of the trusts for her three grandchildren and claimed a $3,000 exclusion for each of these gifts. Respondent in his notice of deficiency disallowed these three exclusions from taxable gifts claimed by petitioner asserting that her gifts to the trusts constitute future rather than present interests, thereby not qualifying under section 2503(b) for the exclusion. Section 2503(b)[2] provides for the exclusion from taxable gifts of the first $3,000 of gifts made during the calendar year to each donee other than gifts of "future *85 interests in property." [3] However, no part of a gift to a minor "shall be considered a gift of a future interest" if the property and income therefrom may be expended for the benefit of the donee before his attaining the age of 21 years, or to the extent not so expended will pass to the donee upon attaining the age of 21 years. Sec. 2503(c). [4]
*86 Section 25.2503-4(b)(1), Gift Tax Regs., states: * * * a transfer will not fail to satisfy the conditions of section 2503(c) by reason of the mere fact that - (1) there is left to the discretion of a trustee the determination of the amounts, if any, of the income or property to be expended for the benefit of the minor and the purpose for which the expenditure was made, provided that there are no substantial restrictions under the terms of the trust agreement on the exercise of such discretion, * * * Respondent contends that the language of the trust instruments here involved places substantial restrictions on the discretion of the trustee and therefore under the provision of section 25.2503-4(b)(1), Gift Tax Regs. petitioner's gifts to these trusts do not qualify for the $3,000 exclusions. Petitioner contends (1) that the provisions of the trust instruments satisfy the requirements of section 2503(c) and the gift tax regulations so as to cause the gifts 1101 to be considered to be of present interests for which the annual exclusion is allowable; (2) that section 25.2503-4(b)(1) *87 of the Gift Tax Regs. is invalid because it conflicts with section 2503(c) of the Code; and (3) that respondent is collaterally estopped from asserting the proposed deficiencies because of the decisions entered in prior litigation in this Court involving the same issues and the same parties. The doctrine of collateral estoppel acts to prevent repetitions and redundant litigation as to matters which have already been judicially decided. In a Federal tax case each taxable year presents a different cause of action or claim and a judgment for a prior year acts as collateral estoppel only as to matters in a subsequent year which were actually presented, controverted, and determined in the first suit. Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948); and United States v. International Building Co., 345 U.S. 502, 504-505 (1953). The decisions of this Court entered on October 20, 1966 were entered pursuant to the stipulations of the parties. They did not constitute decisions on the merits but were merely a "proforma acceptance" by the court of the agreement of the *88 parties. United States v. International Building Co., supra, at 506. Since there has been no decision on the merits of the issue here presented, respondent is not collaterally estopped from asserting deficiencies in the instant case. Petitioner argues that Reg. 25.2503-4(b) (1) is invalid because it conflicts with section 2503(c). In James T. Pettus, Jr., 54 T.C. 112, 120 (1970) we approved section 25.2503-4(b)(1), Gift Tax Regs. stating "that the regulation - even though the proviso itself requires line drawing - is a permissible interpretation of the statute and must be sustained." In resolving the issue of whether the discretion of the trustee of the trusts here involved is subject to "substantial restrictions," we must look to the provisions with respect to both income and principal. If either the income or principal interest conveyed satisfies the requirements of section 2503(c) and Sec. 25.2503-4(b)(1) of the Regulations, it will qualify for the exclusion even though the other interest does not qualify. Commissioner v. Herr, 303 F. 2d 780 (C.A. 3, 1962), affirming 35 T.C. 732 (1961), and James T. Pettus, Jr., supra at 121. *89 The trust instruments in this case provide in pertinent part that "The Trustee shall have the power to pay the income * * * to or for the benefit of said Beneficiary * * * in such amounts and at such times as in the sole discretion of the Trustee is deemed necessary for the proper care, support, maintenance and education * * *". We have recognized that a discretionary trust conditioned upon a general requirement of need is not so restrictive as to cause the trust to fail to qualify under section 2503(c). Martha J. Heidrich, 55 T.C. 746 (1971) on appeal (C.A. 5, August 9, 1971). Respondent likewise has recognized that the broad purpose of "care, support, maintenance, and education" does not serve to impose a "substantial restriction" upon the trustee's discretion. See Rev. Rul. 67-270, 1967-2 C.B. 349. The trust instruments further provide that "Any * * * income not so distributed shall become and be considered a part of the corpus of the trust and shall be administered in a like manner therewith." Respondent contends that this provision makes it mandatory for *90 the trustee to add all undistributed income to the principal, and that, if the principal interests in the trusts are future interests in property by reason of "substantial restrictions" placed on the trustee's discretionary power to expend the principal of the trusts, any income added to such principal would likewise be restricted in use. Respondent argues that the instant case is distinguishable from James T. Pettus, Jr., supra, at 122, in that the trustee of the trust involved in that case had discretion to determine the timing of any addition of undistributed income to the principal whereas the trustee in this case is unqualifiedly required to add all undistributed trust income to corpus. Petitioner contends that respondent's distinction is invalid because of the fact that there was no specific time set forth in the trust instruments in the instant case when the additions should be made. We need not resolve this issue because in our view the discretion of the trustee as to the use of the principal is not subject to "substantial restrictions" within the meaning of section 2503(c) and section 25.2503-4(b)(1) of the regulations. Therefore even if respondent is correct *91 that the income interest must in this case be judged by the restrictions applicable to the principal interests, the income interest qualifies under the regulations. 1102 The trust instrument provides as to the principal of the trust: The Trustee shall have the power in her sole and uncontrolled discretion to invade the principal of the trust estate for the use and benefit of said Beneficiary in the event the income from all sources of which the Trustee shall have knowledge shall be insufficient for the proper care, support, maintenance and education of the said Beneficiary, or in the event of emergency justifying the same in the opinion of the Trustee. Respondent contends that this provision of the trust instruments "places a restriction on the trustee's power to expand trust property for the benefit of the beneficiaries which is greater than the restrictions placed on a guardian under Missouri law" and "as such, it is a substantial restriction within the meaning of section 25.2503-4 (b)(1) of the Regulations." Respondent calls our attention to several cases holding that if the *92 restriction placed on the trustee by the terms of the trust instrument impose no greater limitations than those imposed upon a guardian under applicable State law, the restriction is not "substantial" within the meaning of the regulations. United States v. Baker, 236 F. 2d 317 (C.A. 4, 1956); Ross v. United States [65-2 USTC 12,404], 361 F. 2d 428 (C.A. 5, 1966) affirming in part and reversing in part a Memorandum Opinion of this Court. [5] See also Duncan v. United States, 368 F. 2d 98 (C.A. 5, 1966). *93 The issue as presented to us by the parties in this case therefore requires us to determine whether the restriction placed on the trustee in the trust instruments here involved is greater than that placed on a guardian under Missouri law. Respondent states without citation of authority that "a guardian under Missouri law may not withhold the payment of funds from the Ward's estate in the event the Ward has income from other sources." Our examination of Missouri law leads us to the opposite conclusion. The Court of Claims in Williams v. United States, 378 F. 2d 693, 695 (1967) was faced with a restriction similar to that in the trust instruments here involved. The language of the trust instruments provided that if the minor donee was in need of additional funds for his maintenance, education, medical care, support and general welfare "and if the costs and expenses incident thereto are not otherwise adequately provided for" the trustee shall have the power to use the income or corpus for the purpose of meeting such costs and expenses. The Court hypothesized that: Had the clause read: "If in the opinion of the Trustee, the * * * [minor donee] shall be in need *94 of additional funds for his maintenance, * * * [etc.] * * * then the Trustee shall have the power to use or apply * * * [income or corpus to meet such costs and expenses]," the annual exclusion could not have been challenged as the trustee would have been given at least as much discretion as a guardian under State law. The Court held that there was no substantial difference in the hypothesized language and the actual provisions of the trust instrument. The same reasoning if applied in the instant case, would lead to a similar conclusion. However, even giving a much narrower interpretation to the language in the trust instruments than that given by the Court of Claims in the Williams case, those instruments impose no greater restriction on the power of the trustee than is imposed on a guardian under Missouri law. [6]
*95 1103 Under Missouri law the acts of a guardian are controlled and scrutinized by the Probate Court to insure the maximum security of the estate of the ward. 26A Mo. Ann. Stat. Sections 475.120, 475.125, and 475.130. [7]The District Court in Mueller v. United States, an unreported case (W.D. Mo. 1969) 69-1 USTC 12,592, 23 A.F.T.R. 2d 69-1864 in subscribing to the view that a gift to a trust which granted to the trustee power equal to that given to a guardian under state law would qualify as a gift of a present interest, [8] at page 69-1868, noted, as to the Missouri law that: Under Missouri law, as the Commissioner points out in his brief, a guardian is not required, nor even allowed, to expend money for the minor if money should be provided by the parent who has the common law duty to support, maintain, and educate his children. *96 Under Missouri law the estate of a ward cannot be charged for his support where someone else legally liable for that support is able to discharge his obligation In re Hutcherson's Guardianship Estate, 199 S.W. 2d 899 (Missouri 1947) and a person standing in loco parentis to a minor ward is not entitled to an allowance from the ward's estate for amounts he expended in support of the ward. In re Stevens' Estate, 116 S.W. 2d 527 (Missouri 1938). Since under Missouri law a guardian is not permitted to invade the principal of his ward's estate for support and maintenance where there are other sources of income for the support of the ward, the powers given to the trustee under the trust instruments here involved are no more restrictive than those of a guardian under Missouri law. We, therefore, hold that since the restrictive standard placed upon the trustee in the exercise of her ultimate discretion is not greater than that placed upon a guardian under Missouri law it is not "substantial" within the meaning of section 25.2503-4(b)(1) of the Gift Tax Regulations. *97 [9] We conclude that petitioner is entitled to the annual exclusions provided for under section 2503(b). It is, therefore, unnecessary to decide the alternative issue raised by petitioner.
*98 Decision will be entered for petitioner. 1104 Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Sec. 2503(b)↩ Exclusions From Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.
3. "Future interest" as defined under the Federal gift tax law, without regard to local law, refers to "any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date." United States v. Pelzer, 312 U.S. 399, 403↩ (1941). 4. SEC. 2503(c) Transfer for the Benefit of Minor. - No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom - (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended - (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).↩
5. Respondent in Rev. Rul. 59-78, 1959-1c.B. 690, specifically accepted the decision in United States v. Baker, 236 F. 2d 317 (C.A. 4, 1956) "as correct" and stated that the Baker case would be followed in similar cases. In James T. Pettus, Jr., 54 T.C. 112, 121↩ (1970) we referred to the provisions of the trust there involved as "* * * an implied restriction on the trustee's discretion" which is "a much more severe restriction than is generally imposed on guardians," even though we did not specifically hold that a restriction is not "substantial" if it is no greater than that imposed on a guardian as have some courts and respondent in his revenue rulling 59-78, supra.
6. Respondent relies on Faber v. United States, 309 F. Supp. 818 (S.D. Ohio 1970) aff'd per curiam 439 F. 2d 1189 (C.A. 6, 1971) in which it was held that a provision of a trust, the corpus of which consisted of real estate, that any part or all of the income may be used by the trustee "to provide for accident, illness or other emergency affecting the beneficiary" place a substantial restriction on the trustee's discretion in its limitation of the purpose for which the funds could be expended. See our similar conclusion as to a comparable limitation placed on the purpose for which corpus of the trust might be used in James T. Pettus, Jr. [dec. 29,926], 54 T.C. 112, 121 (1970). However, in the Faber case the District Court distinguished the holding of the Court of Claims in Williams v. United States [67-2 USTC 12,474], 378 F. 2d 693↩ (1967) on the ground that in the Williams case the Court concluded that the categories of expenditures available to the trustee were at least equal to those available to a guardian under state law but that the "same cannot be said of the Faber trust agreement."
7. 26A. Mo. Ann. Stat. Sec. 475.120 provides: 1. The guardian of the person of a minor is entitled to the custody and control of his ward and to the care of his education, support and maintenance. 26A. Mo. Ann. Stat. Sec. 475.125 provides in pertinent part: The probate court may make orders for the management of the estate of the ward, for the support and education of the ward, if a minor * * * according to his means and obligation, if any, out of the proceeds of his estate, and may direct that payments for such purposes shall be made * * * 26A Mo. Ann. Stat. Sec. 475.130 provides in pertinent part: 1. The guardian of the estate of a minor or incompetent shall, under supervision of the court, protect and preserve the estate, invest it prudently, apply it as provided in this code, account for it faithfully, perform all other duties required of him by law, and at the termination of the guardianship, deliver the assets of the ward to the persons entitled thereto. ↩
8. The District Court quoted the portion of Rev. Rul. 59-78, which states: A gift in trust for a minor under terms requiring the trustee to use the property for the benefit of the donee as if held by him as guardian of the donee constitutes a gift of a present interest and is, therefore, entitled to the exclusion under section 1003(b)(3) of the Internal Revenue Code of 1939↩.
9. In this case as in the case of Martha J. Heidrich, 55 T.C. 746, 752 (1971), (Footnote 10) we express neither approval nor disapproval of respondent's revenue ruling 69-345, (1960-1 C.B. 226). In that revenue ruling respondent concluded that a provision in a trust instrument that in determining whether the minor donee had need for care, support and education the trustee "shall take into consideration other sources available to the beneficiary and other payments made to him or for his benefit" placed a restriction on the trustee's power to expend trust property for the benefit of the minor donee "greater than those restrictions placed on a guardian under state law." The Revenue Ruling does not disclose the law of which state was controlling. Since we have concluded that the restriction placed on the trustee was under the trust instruments involved in the instant case no greater than the restrictions placed on a guardian under Missouri law which is here controlling, the instant case is distinguishable from the facts stated in Revenue Ruling 69-345↩.