MARY HULL NAUMOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALEXANDER V. NAUMOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Naumoff v. Commissioner
Docket Nos. 12859-81, 12860-81.
United States Tax Court
T.C. Memo 1983-435; 1983 Tax Ct. Memo LEXIS 364; 46 T.C.M. (CCH) 852; T.C.M. (RIA) 83435; July 25, 1983. Mitchell A. Naumoff, for the petitioners. Grant A. Wolfe, and Jack E. Prestrud, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined the following deficiencies in gift tax liability and additions to tax in these consolidated cases: Addition to Tax
I.R.C. Sec.
Docket No.
Taxable Period
Deficiency
6651(a)(1) [1]
12859-81
Quarter Ending 12/31/76
$787.50
$196.88
12860-81
Quarter Ending 12/31/76
787.50
196.88
The issues for our decision are (1) whether petitioners' transfer to a trust for the benefit of certain minor beneficiaries constituted gifts of present interests in property so as to qualify for the exclusionary provisions of section 2503(b); (2) whether the gifts meet the requirements of section 2503(c) so as not to be considered future interests for the purposes of section 2503(b); and (3) whether the petitioners' failure to timely file *366 Federal gift tax returns for the taxable periods under consideration was due to willful neglect and not due to reasonable cause. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Mary Hull Naumoff and Alexander V. Naumoff (hereinafter referred to as the petitioners) are husband and wife whose residence at the time the petitions herein were filed was Orrville, Ohio. Petitioners each filed a Federal gift tax return for the quarter ending December 31, 1976 on September 19, 1977. Petitioners created an irrevocable trust for the benefit of eleven named beneficiaries on December 15, 1976. The trust was funded with 17 shares of common stock of M & C Mobile Village and Sales, Inc., valued at $121,380. At the time the trust was created, five of the eleven beneficiaries designated in the trust agreement were under the age of 21 years. The trust instrument provided, in pertinent part: A. * * * The Trustees shall pay to the beneficiaries * * * or apply on their behalf such income from the Trust and so much of the principal thereof as may be necessary *367 for the education, comfort and support of the beneficiaries, and shall accumulate for the beneficiaries all income not so needed. The Trust Estate shall be deemed vested absolutely in said beneficiaries and shall be their property, but the Trustees are authorized and directed to hold said Estate unless the Trust be prior terminated, as hereinafter provided. B. This Trust shall terminate for the benefit of each beneficiary when the said beneficiary shall have reached the age of twenty-one (21) years or as hereinafter provided, and a proportioned, equal share of the corpus and remainder of the Turst Estate in the hands of the Trustees, both principal and interest, including all accumulated income, shall pass to and be delivered, transferred, conveyed and assigned to the said beneficiary provided, however, that the said beneficiary give notice to the Trustees in writing within thirty (30) days after reaching said twenty-first (21st) birthday of the intention to terminate and demand for his share of the property, and in the event the beneficiary does not give notice as aforesaid, this Trust shall remain in full force and effect until the beneficiary reaches twenty-five (25) years *368 of age or until such time as the beneficiary shall give notice to the Trustees in writing, of said beneficiary's intention to terminate this Trust with respect to said beneficiary's share of the Trust principal and income and demand the property, at which time the Trustees will release control over said property hereinabove described, which shall pass to and be delivered, transferred, conveyed and assigned to said beneficiary. Each beneficiary shall be entitled to an accounting and to an equal share of the Trust Estate or to terminate said Trust Estate in respect to his share in whole or in part whenever a beneficiary shall make due demand thereon by instrument in writing, filed with the Trustees, and upon such demand, the Trustees shall pay said Trust Estate, or the part thereof for which demand is made, to the beneficiary. [Emphasis supplied.] Petitioners argue that their trust is modeled on a formbook form held qualified for the annual exclusion of section 2503(b) by this Court in Heidrich v. Commissioner,55 T.C. 746 (1971). [2] Their gifts in trust, they contend, were irrevocable, unconditional, and final gifts to the beneficiaries, with no restrictions *369 of substance. They further maintain that the trust was made to benefit their minor children in compliance with section 2503(c) because the language used in the trust agreement is sufficient to require payment to a beneficiary's estate in the case of a beneficiary dying before or after reaching the age of 21, is unrestrictive of any power in the donee, and operates so as to grant a general power of appointment to donees under section 2514(c) and section 25.2514-1(c)(2), Gift Tax Regs. Respondent argues that petitioners' trust creates future interests for the minor beneficiaries under section 2503(b). Respondent contends that petitioners have created a trust different from the one allowed in Heidrich because no provision was made relating to the ability of minor beneficiaries to demand payment of all or part of their trust portion. Respondent maintains that petitioners have not complied with the safe harbor provisions of section 2503(c)(2)(B), because petitioners' trust instrument neither grants a general power of *370 appointment to the minor beneficiaries nor provides that the trust income or corpus will pass to the estates of the minor beneficiaries should they die prior to reaching age 21. We agree with petitioners that the gifts in trust to the minor beneficiaries qualify for the annual exclusions under section 2503(b).
Section 2503(b) provided an exclusion of $3,000 in computing taxable gifts made for gifts "other than gifts of future interests in property." See sections 25.2503-1 and 25.2503-2, Gift Tax Regs. Section 2503(c) provides a safe harbor for gifts to minors that would otherwise be considered future interests under section 2503(b) when the property and the income from a gift "may be expended by, or for the benefit of, the donee before his attaining the age of 21 years," and to the extent not so expended, will pass to the donee on the donee's attaining the age of 21 years or will "be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)." See section 25.2503-4, Gift Tax Regs. We turn first to respondent's argument *371 that petitioners have not given gifts of present interests under section 2503(b). Respondent correctly claims that although the trust provides for absolute vesting of the trust estate in the beneficiaries, this is not dispositive in determining whether an interest is a present or a future interest. Fondren v. Commissioner,324 U.S. 18 (1945). Respondent contends that petitioners' trust, although patterned substantially after the trust provisions in Heidrich v. Commissioner,supra, leaves out one dispositive provision, namely, the one which allowed a beneficiary's legally appointed guardian to receive all or part of the trust estate when "due demand" is made. Respondent asserts that this provision, with regard to the minor beneficiaries in Heidrich, created the equivalent of an unrestricted right to the immediate use, possession, or enjoyment of property or to the income of the property. Cf. Commissioner v. Disston,325 U.S. 442 (1945); Fondren v. Commissioner,supra;Kolker v. Commissioner,80 T.C. 1082 (1983). Respondent argues that the absence of such provisions makes the interests *372 of the minor beneficiaries future interests. The trust instrument in Heidrich contained substantially the same language as quoted above in petitioners' trust instrument, paragraph B. Heidrich v. Commissioner,55 T.C. at 749. Instead of the last sentence of the trust herein, the Heidrich trust provided: * * * The beneficiary shall be entitled to all or any part of the Trust Estate or terminate said Trust Estate in whole or in part whenever the beneficiary's legally appointed guardian shall make due demand thereon by instrument in writing, filed with the Trustee, and upon such demand the Trustee shall pay said Trust Estate or the part thereof for which demand is made, to said legally appointed guardian. We disagree with respondent's contention that petitioners' trust, referring only to demand by a beneficiary, precludes demand by minor beneficiaries. We find that the demand provision in petitioners' trust clearly grants any beneficiary of any age the right to demand an accounting and proportionate share of the trust estate. The question must be asked, however, whether a minor is able to make an effective demand. Although the taxpayers in Heidrich *373 argued that their gifts were gifts of present interests in the "traditional common-law sense" of section 2503(b), we decided to allow their entitlement to an exclusion on the basis of the legislatively-created exception of section 2503(c). We stated that the taxpayers were on "less secure ground" in making the common law argument because "during each beneficiary's minority there was no one to make an effective demand for the trust funds." Heidrich v. Commissioner,55 T.C. at 750 n. 8. The Court of Appeals for the Sixth Circuit, to which an appeal in the present case would lie, has held a trust provision where the trustees were required to pay the principal and income from a trust estate to a named beneficiary on demand by the beneficiary, created a present interest for minor beneficiaries. Gilmore v. Commissioner,213 F.2d 520 (6th Cir. 1954), revg. 20 T.C. 579 (1953). [3] Because the demand clause in the present case grants both minor and adult beneficiaries the right to demand their trust estate share, we are compelled under the rule of *374 Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied, 404 U.S. 940 (1971), to find the effective demand requirement met, and we consequently hold that the trust created by the petitioners gave gifts of present interests to the minor beneficiaries. Petitioners are therefore entitled to the $3,000 per donee exclusion for each minor beneficiary of their trust. [4] See section 2503(b). *375 Section 6651(a) provides for a late filing addition on the amount of tax required to be shown as due on the return. Although petitioners' return was not filed within the time prescribed by law, no tax was owed by them; therefore, they are not liable for the late filing addition. Decisions will be entered for the petitioners.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable year at issue, unless otherwise stated.↩
2. Petitioners apparently used the form taken from J. Murphy, Form No. 18:23H Murphy's Will Clauses 715.41↩ (MB 1973) as a model for their trust instrument.
3. Cf. Crummey v. Commissioner,397 F.2d 82 (9th Cir. 1968), revg. a Memorandum Opinion of this Court; Kieckhefer v. Commissioner,189 F.2d 118 (7th Cir. 1951), revg. 15 T.C. 111 (1950); but cf. Stifel, Jr. v. Commissioner,17 T.C. 641 (1951), affd. 197 F.2d 107 (2d Cir. 1952). Compare Perkins v. Commissioner,27 T.C. 601↩ (1956) (demand permitted by beneficiaries, duly appointed guardians, and parents of beneficiaries held to create present interests due to demand powers of parents). 4. We, therefore, do not reach the issue of whether petitioners' trust has met the requirements of section 2503(c)(2)(B)↩.