ESTATE OF GEORGE C. MACKIE, DECEASED, KATHLEEN G. ROBINSON MACKIE, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2255-73.    Filed May 28, 1975.

*Robert R. Batt, Robert E. McQuiston,* and *I. Beverly Lake, Jr.,* for the petitioner.

*Brian J. Seery* and *Edward I. Foster,* for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $269,289.51 in decedent's estate tax. The issue for decision is whether the estate is entitled to a deduction under section 2056[1] with respect to certain property which decedent's surviving spouse received under the terms of his will.

All of the facts are stipulated and are found accordingly. The stipulation of facts and agreed exhibits (except to the extent that the objections of the parties to certain portions thereof have previously been sustained)[2] are incorporated herein by this

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended. The sec. 2056 deduction will sometimes be referred to herein as the marital deduction.

[2] The material involves letters, offered by petitioner, bearing on the conduct and legal

reference.

Petitioner is the duly qualified executrix of the Estate of George C. Mackie, deceased, and resided in Wake Forest, N.C., at the time of the filing of the petition herein. The Federal estate tax return was filed with the District Director of Internal Revenue, Greensboro, N.C. The decedent died on January 8, 1969, a resident of North Carolina. His will, dated July 29, 1952, was probated on January 13, 1969. Letters testamentary were issued on January 15, 1969, naming his surviving spouse (petitioner herein) as executrix.

The decedent's will, after making several specific bequests, provided for his surviving spouse as follows:

ITEM NINE: It is my desire that my wife, Kathleen G. Robinson Mackie, have the opportunity to take full advantage of any deduction or exemption allowed for property passing to a surviving spouse by the estate or inheritance tax laws of the United States in effect at my death, such deduction being now known as the "marital deduction." To that end, I direct that the maximum amount of such deduction or exemption be determined, and that there be subtracted therefrom the total amount of the property bequeathed to my said wife by the other items of this my will and all other property to which she has succeeded or become entitled, or to which she may succeed or become entitled, and which is properly includable in such deduction or exemption. I give, devise, bequeath and appoint to my wife, Kathleen G. Robinson Mackie, properties to be selected by her, other than those properties bequeathed by Items One, Two, Four and Five of this my will, equal in total value to the remainder of the said maximum deduction or exemption so computed. My said wife shall have, however, the right to elect whether to accept this devise, bequest and appointment, or to reject it, or to accept it in part and reject it in part, which election she shall make by a statement in writing to that effect delivered to my executrix within four months from the date of my death. The failure of my said wife to deliver such statement to my executrix within such time shall be deemed an election by her to reject this devise, bequest and appointment in full. To the extent that this devise, bequest and appointment is rejected by my said wife, the properties which would otherwise have passed to her by this Item Nine of this my will shall pass as if this item had not been included in this my will.

Item Twelve of the will bequeathed the residue of the decedent's estate to a trust [3] in which Mrs. Mackie's only beneficial interest was a right to receive distributions of income at the discretion of

___

theories of respondent's agents during the administrative appeal herein (as to which we note petitioner advanced no argument on brief) and an affidavit of the draftsman of the will, offered by respondent.

[3] The Durham Bank & Trust Co. was designated trustee.

the trustee. Their two sons were also income beneficiaries and in addition possessed remainder interests in the trust.

On April 16, 1969, Mrs. Mackie executed, acknowledged, and delivered to herself as executrix a statement of acceptance in full in compliance with the requirements of Item Nine of the will.

Section 2056(a) allows a deduction in computing the taxable estate of a decedent "equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse," but not in excess of one-half of the adjusted gross estate. Section 2056(b) defines certain terminable interests which are nondeductible.[4]

The issue for decision is whether the bequest to decedent's spouse (Mrs. Mackie) under Item Nine of decedent's will qualifies for the marital deduction. Respondent's primary contention is that her interest was terminable and therefore nondeductible under section 2056(b). He argues that the possibility of her failure or refusal to accept, coupled with the gift over in such an eventuality, created a conditional bequest. Alternatively, he contends that no "interest in property" (within the meaning of section 2056(a)) passed to her at the time of death. Petitioner counters with the assertion that, at the time of death, Mrs. Mackie became entitled to a vested indefeasible interest in the bequest and that the requirement of election or rejection on her part was nothing more than a method whereby her right to that

---

[4] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

* * *

(3) INTEREST OF SPOUSE CONDITIONAL ON SURVIVAL FOR LIMITED PERIOD.—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

(B) such termination or failure does not in fact occur.

interest was to be perfected. For reasons which hereinafter appear, we agree with petitioner.

Initially, we note the general rule, which is applicable in North Carolina, that a beneficial bequest or devise is presumed to be accepted.[5] *Perkins v. Isley,* 224 N.C. 793, 32 S.E. 2d 588 (1945); 6 Page, Wills, sec. 49.7 (Bowe-Parker ed. 1962). The presumption is, however, rebuttable by proof of an express renunciation, or even conduct demonstrating an intention to renounce. *Reese v. Carson,* 3 N.C. App. 99, 164 S.E. 2d 99 (1968). See 6 Page, Wills, sec. 49.6. By providing that in the event that Mrs. Mackie failed to file an acceptance in full, the part of the bequest to her under Item Nine not accepted would be deemed rejected and would pass to the residuary trust, the decedent's will had the effect of removing that presumption. Had the provision not been included in the will, there appears to be no question that the bequest would have qualified for the marital deduction. The mere presence of a right of election against a will is not a disqualification so long as the interest which passes to the surviving spouse is nonterminable. *Dougherty v. United States,* 292 F.2d 331, 336 (6th Cir. 1961); *United States v. Crosby,* 257 F.2d 515, 519 (5th Cir. 1958); *United States v. Traders National Bank of Kansas City,* 248 F.2d 667, 669 (8th Cir. 1957); sec. 20.2056(e)-2(c), Estate Tax Regs. See *Allen v. United States,* 359 F.2d 151, 155 n. 8 (2d Cir. 1966); *Isaac Harter, Jr.,* 39 T.C. 511, 514 (1962). Nor does the fact that the exercise of such right of election is subject to formal action through the filing of papers pursuant to the requirements of local law per se prevent the interest passing to the surviving spouse from qualifying for the marital deduction. *Hawaiian Trust Co. v. United States,* 412 F.2d 1313, 1314 (Ct. Cl. 1969); *United States v. First National Bank & T. Co. of Augusta,* 297 F.2d 312, 316 n. 4 (5th Cir. 1961); *Grace M. Parker,* 62 T.C. 192, 195 (1974); sec. 20.2056(b)-5(g)(4), Estate Tax Regs. Cf. *Martha J. Heidrich,* 55 T.C. 746, 752-753 (1971); *Estate of Proctor D. Rensenhouse,* 31 T.C. 818, 821 (1959).

We think that the bequest to Mrs. Mackie falls within the ambit of the above-cited cases. What Item Nine of the decedent's will did in effect was to leave her nothing, unless she accepted the

---

[5] At least two States apply a contrary presumption in the case of a bequest or devise to a surviving spouse. See *Stinson v. Sherman,* 405 P. 2d 172 (Okla. 1965); Hawaii Rev. Stat. secs. 533-15 (1968), 533-16 (Supp. 1974).

bequest in whole or in part. Substantively, Mrs. Mackie was put in the same position as a disinherited surviving spouse who is given a statutory right of election. N.C. Gen. Stat. sec. 30-1 (1966).[6] The only difference is that, in this case, her right of election is encompassed by the will rather than by statute, but we perceive this to be a difference without a distinction.

Respondent argues that Mrs. Mackie's right to accept was personal to her in that it would "fail" in the event that she died or became incompetent within the 4-month period and prior to acceptance. We disagree. As to the contingency of death, respondent is clearly incorrect; the possibility of a spouse's death within 6 months of a decedent's passing is not an event of termination or failure under section 2056(b)(1). See sec. 2056(b)(3). As to the question of incompetency, we also think respondent's argument misses the mark. The provisions of Item Nine do not on their face import a contingency of incompetency into Mrs. Mackie's right of acceptance and it appears that under North Carolina law a guardian would be entitled to exercise that right. *Fullam v. Brock,* 271 N.C. 145, 155 S.E. 2d 737 (1967); *First-Citizens Bank & Trust Co. v. Willis,* 257 N.C. 59, 125 S.E. 2d 359 (1962); N.C. Gen. Stat. sec. 30-2 (1966). See also 6 Page, Wills, sec. 49.5. We do not have a situation where there is an express testamentary provision dealing with the surviving spouse's rights of disposition such as existed in *Starrett v. Commissioner,* 223 F.2d 163, 167 (1st Cir. 1955), affg. *Estate of Frank E. Tingley,* 22 T.C. 402 (1954). Compare *Gelb v. Commissioner,* 298 F.2d 544, 547-548 (2d Cir. 1962), remanding on other grounds T.C. Memo. 1960-187, with *Miller v. Dowling,* an unreported case (S.D.N.Y. 1956, 52 AFTR 1969, 1970, 56-2 USTC par. 11,646). The risk of failure due to incompetency is no greater in the instant situation than in the case of the surviving spouse's statutory right of election, which has never been held terminable on that account. *Miller v. Dowling, supra.* See *Estate of Harry A. Ellis,* 26 T.C. 694, 699-700 (1956), remanded on other grounds 252 F.2d 109 (3d Cir. 1958); *Estate of Frank E. Tingley, supra* at 405.

Respondent calls our attention to the purported North Carolina rule that a beneficiary cannot accept part of a unitary bequest and reject the remainder, citing *Bailey v. McLain,* 215

[6] Compare n. 5 *supra.*

N.C. 150, 1 S.E. 2d 372 (1939), and compares Mrs. Mackie's power to make a partial acceptance under the will. Whatever the current scope of the general rule referred to, see *Keesler v. North Carolina National Bank,* 256 N.C. 12, 122 S.E. 2d 807 (1961), we see no reason to hold that it causes the interest established under this decedent's will to be terminable. See 6 Page, Wills, sec. 49.10. We do not read North Carolina law as prohibiting a testator from authorizing partial acceptance, or as transforming the interest thus provided for from an absolute to a conditional one.[7] Nor does this added degree of flexibility cause the right possessed by the beneficiary to be other than one of "disclaimer" for estate tax purposes. A disclaimer is "a refusal to accept inherited property which is effective under local law," *Estate of C. Warren Caswell,* 62 T.C. 51, 56 (1974), "a complete and unqualified refusal to accept *some or all* of the rights to which one is entitled," S. Rept. No. 1599, 89th Cong., 2d Sess. (1966), 1966-2 C. B. 798, 801 (emphasis added).[8]

Nor are we impressed with respondent's attempt to defeat the marital deduction herein by contending that decedent's will permitted Mrs. Mackie to engage in post mortem estate planning. The same capability exists where a surviving spouse has the right to renounce a bequest or to exercise her statutory right of election. To the extent that such capability existed herein, it operated within recognized limits. Sec. 2056(d); *Brodrick v. Moore,* 226 F.2d 105, 108 (10th Cir. 1955); *Isaac Harter, Jr., supra.*

*Allen v. United States,* 359 F.2d 151 (2d Cir. 1966), cert. denied 385 U.S. 832 (1966), and *Estate of Virginia Loren Ray,* 54 T.C. 1170 (1970), relied upon by respondent, are clearly distinguishable. In each case, a bequest was held nondeductible because conditioned on the beneficiary's performance of acts *in addition to* merely accepting the bequest. Those acts—dealing with the future disposition of the property bequeathed—had independent legal significance and constituted substantive

---

[7] *Bailey v. McLain,* 215 N.C. 150, 1 S.E. 2d 372 (1939), dealt with the question whether an estate would pass in part by will and the renounced portion by descent. No such situation is involved herein.

[8] Respondent's regulations speak in terms of disclaimer of "*any* property interest" and "*the* disclaimed interest" and appear to impose the requirement of "complete and unqualified refusal" only on the character, rather than the extent of the rights disclaimed. See sec. 20.2056(d)-1, Estate Tax Regs. (Emphasis added.)

limitations both on the power of acceptance and on the interest transferred. Compare *Isaac Harter, Jr., supra.*

In sum, Mrs. Mackie was given the absolute right to take outright a specified portion of decedent's estate and she exercised that right, with the result that the property which she received passed to her within the meaning of section 2056(a) and (e) and did not constitute a terminable interest within the meaning of section 2056(b).[9] This conclusion, and the rationale in support thereof, are dispositive of respondent's argument that Mrs. Mackie had only a power of appointment which should not be considered as an "interest in property" within the meaning of section 2056(a). See S. Rept. No. 1013, Part 2, 80th Cong., 2d Sess. (1948), 1948-1 C.B. 331, 333.

To reflect other adjustments agreed to by the parties,

*Decision will be entered under Rule 155.*

---

[9] Respondent has raised no issue as to deductibility based on sec. 2056(b)(2).