ESTATE OF LUDWIG NEUGASS, DECEASED, HERBERT MARX, JACQUES COE, JR., AND CHASE MANHATTAN BANK, N.A., EXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4734-73.     Filed October 29, 1975.

*Jacob Imberman, Alan S. Rosenberg,* and *Lawrence J. Rothenberg,* for the petitioners.

*Michael K. Phalin,* for the respondent.

OPINION

Section 2056 allows a deduction not to exceed 50 percent of the decedent's adjusted gross estate for the value of any interest in property which "passes or has passed" from the decedent "to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." This general rule is qualified in several respects. One qualification, section 2056(b)(1),[2] provides that no marital deduction will be accorded a "terminable interest." The definition of that term has

---

[2] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

been concisely summarized in Allen v. United States, 359 F.2d 151, 154 (2d Cir. 1966), cert. denied 385 U.S. 832 (1966), as follows:

A terminable interest is defined, in general, as one which possesses the three characteristics found in sections 2056(b)(1)(A) and (B). First, it must be an interest in property which will terminate upon the occurrence or non-occurrence of an event or upon the lapse of time. Second, another interest in the same property must pass or have passed to someone other than the spouse from the decedent for less than an adequate consideration. And third, such other person must be able to possess or enjoy a part of such property upon the termination of the spouse's interest. With certain exceptions not relevant to this case, the interest bequeathed to a spouse qualifies for the marital deduction unless all three of these characteristics are present.

It is now well settled that the determination of whether an interest is terminable is to be judged in the light of events at the precise moment of the decedent's death. * * * [Fn. ref. omitted.]

The first sentence of Article Fifth of decedent's will gave Mrs. Neugass only a life estate in decedent's art collection, and such an estate clearly is a terminable interest. Sec. 20.2056(b)-1(b), Estate Tax Regs. At the moment of decedent's death, Mrs. Neugass had not made her election to take absolute ownership of any items in the art collection. The bequest, therefore, is a terminable interest and does not qualify for the marital deduction.

Petitioners contend, however, that the first sentence of Article Fifth and Article Fifth (b) are alternative provisions which authorized Mrs. Neugass to elect to take a life estate or absolute ownership of any or all items in decedent's art collection. They maintain that, pursuant to Article Fifth (b), Mrs. Neugass elected to take absolute ownership of selected items, and that her election relates back to decedent's death. On this ground, petitioners argue that her interest in those items was not a terminable one and the value thereof may be taken into account in computing the marital deduction. To support their position, petitioners cite Estate of George C. Mackie, 64 T.C. 308 (1975). We do not agree.

The first sentence of Article Fifth gave Mrs. Neugass and Nancy successive life estates in decedent's art collection. No action was required to put that provision into effect. It took effect as a result of Mrs. Neugass' surviving decedent. At the time she elected to take absolute ownership of the selected items, on July 2, 1969, nearly 5 months after decedent's death, she already had

a life estate in decedent's entire art collection.[3]

Indeed, the provisions of Article Fifth (b), empowering Nancy or Mrs. Neugass to take absolute ownership of any item, contemplate that they could do so only in respect of property in which she already held a life use. In Nancy's case, the article expressly provides that her election shall take effect "if and only when her life use has begun." No such express condition appears in the will in respect of Mrs. Neugass, but that condition is implicit in the first sentence of Article Fifth giving her the life use of the art collection, without any action on her part, if she "survives" the decedent. The renunciation document, quoted in our Findings, interpreted the will to provide that upon Mrs. Neugass' renunciation of her life use of any item,[4] Nancy's life estate shall commence. Consistently, the election document, also quoted in our Findings, contains no renunciation of Mrs. Neugass' life estate in the paintings and other artworks of which she took absolute ownership. Rather, it refers to the bequest to her of the life use of the art collection, to Article Fifth (b) permitting her to elect to take absolute ownership of any item, and her election to take absolute ownership of the items listed on the attached schedule.

Since Mrs. Neugass already had a life estate in decedent's art collection, she merely enlarged her existing interest when she took absolute ownership of the selected items. In these circumstances, Mrs. Neugass' right to "elect" absolute ownership of items in decedent's art collection was not an alternative to her life estate, but was a power to enlarge her existing interest to give herself absolute ownership of the selected items. Such power was a power to appoint to herself.[5] Her exercise of that power did not

---

[3] A renunciation by Mrs. Neugass of her life interest in any items in the art collection would have related back to the date of decedent's death, but, also, would have caused the commencement of Nancy's life interest. Petitioners so interpreted the will in the renunciation document, quoted in our Findings. See also Article Fifth (c). Such a renunciation would have terminated her power to take absolute ownership of the renounced items.

[4] "A disclaimer or renunciation of a general power of appointment" is not considered to be a transfer subject to the gift tax provisions of the Code. Sec. 25.2514-3(c)(5), Gift Tax Regs.

[5] Although requested specifically to brief the point under New York law, the parties have cited no New York cases defining the legal standards for distinguishing a bequest of a life estate plus a power of appointment from a bequest giving the beneficiary the right to choose between a life estate and absolute ownership. *In Re Estate of Jacobsen*, 306 N.Y.S.2d 290 (N.Y. County Surr. Ct. 1969), affd. 33 App. Div. 2d 760, 306 N.Y.S.2d 297 (1st Dept. 1969), and *In Re Flyer's Will*, 279 N.Y.S.2d 76 (Kings County Surr. Ct. 1967), are not apposite. We think the Prerogative Court's opinion in *In Re Vanatta's Estate*, 131

purport to relate back to decedent's death but was effective as of July 2, 1969, the date she executed and filed her election with the Surrogate's Court.

Section 2056(b)(5)[6] provides that where a decedent passes by will a life estate to a surviving spouse with a power in the spouse alone to appoint the entire interest either to himself or his estate, such life estate will qualify for the marital deduction as an exception to the terminable interest rule. *Hoffman v. McGinnes*, 277 F.2d 598 (3d Cir. 1960); see also *Estate of Opal v. Commissioner*, 450 F.2d 1085, 1086-1087 (2d Cir. 1971), affg. 54 T.C. 154 (1970); *Pipe's Estate v. Commissioner*, 241 F.2d 210, 213 (2d Cir. 1957), affg. 23 T.C. 99 (1954), cert. denied 355 U.S. 814 (1957). This exception applies, however, only if such power is "exercisable by such spouse alone and in all events." Since Mrs. Neugass' "power" was required to be exercised within a period of 6 months after decedent's death, respondent contends that it was not exercisable "in all events." We agree. The following sentence in section 20.2056(b)-5(g)(3), 'Estate Tax Regs., is explicitly clear:

The power is not "exercisable in all events", if it can be terminated during the life of the surviving spouse by any event other than her complete exercise or release of '

The bequest to Mrs. Neugass is, therefore, a terminable interest which does not qualify for the marital deduction. Secs.

A. 515 (N.J. Prerog. Ct. 1926), is distinguishable in that it was not clear in that case, as it is here, that the surviving spouse could elect to take absolute ownership only after her life interest had commenced. The court interpreted the will in that case to give the beneficiary a choice of two alternative bequests. For the reasons stated in the text, the instant will cannot be so interpreted.

[6] Sec. 2056(b)(5) provides as follows:

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

20.2056(b)-5(a)(3) and (4), 20.2056(b)-5(g)(1)(i), Estate Tax Regs.[7]

We do not think *Estate of George C. Mackie, supra,* is apposite. In that case, the decedent bequeathed to his surviving spouse properties to be selected by her from the residue of his estate. The will provided that she could accept or reject the bequest, in whole or in part, by delivering a written election to decedent's executrix within 4 months of his death. Failure to make an election was to be deemed a rejection of the bequest. Within 4 months, she made the election. Applying the law of North Carolina, this Court held that the estate was entitled to the marital deduction for the bequest, concluding that the election related back to the date of the decedent's death and analogizing the case to those cases in which the surviving spouse may elect to take under the will or to take her statutory share. See *Dougherty v. United States,* 292 F.2d 331 (6th Cir. 1961); *United States v. Crosby,* 257 F.2d 515 (5th Cir. 1958); see also sec. 20.2056(e)(2), Estate Tax Regs.; cf. *Allen v. United States,* 359 F.2d 151 (2d Cir. 1966), cert. denied 385 U.S. 832 (1966).

In the instant case, Mrs. Neugass was not faced with a choice between alternatives, as was Mrs. Mackie. She was given a life estate without any strings attached to the bequest. She could take that bequest as given or she could enlarge it by electing to take absolute ownership of selected items. For the reasons stated, we think her right to elect to enlarge her life estate was not an alternative bequest but was a power to appoint the selected items to herself.[8]

Petitioners rely, next, upon the section 2056(d)(1)[9] exception

---

[7] Treating a power to enlarge an existing interest from a life estate to absolute ownership as an alternative bequest, as petitioners seek to do, would effectively eliminate the provisions qualifying and limiting the general rule of sec. 2056(b)(5), such as the requirement that the power be exercisable "in all events."

[8] Petitioners offered oral testimony designed to show (1) decedent's desire to minimize estate taxes; (2) his concern for Mrs. Neugass' well-being and enjoyment of the art collection; and (3) the uncertain state of New York law at that time with respect to disclaimers of testamentary dispositions. We find nothing in this testimony to aid petitioners' case. The meaning of the words used in the will cannot be altered by some general ideas as to what decedent intended when he executed his will. The "draftsmen of testamentary instruments * * * [must] be meticulous in adhering to the formal requirements of section 2056." *Allen v. United States,* 359 F.2d 151, 153 (2d Cir. 1966), cert. denied 385 U.S. 832 (1966); see also *Jackson v. United States,* 376 U.S. 503, 511 (1964). For the reasons stated in the text, we do not think the words of decedent's will can be interpreted to meet those requirements.

[9] Sec. 2056(d)(1) provides as follows:

(d) DISCLAIMERS.—

    (1) BY SURVIVING SPOUSE.—If under this section an interest would, in the absence of

to the general rule disqualifying life estates for the marital deduction. That section provides that if a surviving spouse disclaims a property interest, such interest is deemed to pass, for marital deduction purposes, directly from the estate to the person entitled to receive it by virtue of the disclaimer. Petitioners contend that, by electing to take absolute ownership of the artworks selected pursuant to Article Fifth (b) of decedent's will, Mrs. Neugass "disclaimed" the life estate in such property and as a result received an absolute fee in such property. Accordingly, the argument goes, the selected artworks "passed" to her from decedent.[10]

We think petitioners' reliance upon section 2056(d)(1) is misplaced. A disclaimer is a "disavowal, denial, or renunciation of an interest, right or property imputed to a person or alleged to be his." *City Nat. Bank & Trust Co. of Columbus v. United States*, 203 F.Supp. 398, 402 (S.D. Ohio 1962), affd. 312 F.2d 118 (6th Cir. 1963), cert. denied 373 U.S. 949 (1963). For section 2056(d)(1) to apply, the property must pass *"to the person or persons entitled to receive the interest as a result of the disclaimer."* (Emphasis added.) *Grace M. Parker*, 62 T.C. 192, 198 (1974); cf. *Estate of Medora L. Salter*, 63 T.C. 537, 545-546 (1975), on appeal (5th Cir., Apr. 17, 1975). Had Mrs. Neugass merely disclaimed or renounced her life use of any item in the collection, she would have received no interest therein. Nancy's life interest in such item thereupon would have commenced. Mrs. Neugass did not become entitled to absolute ownership of decedent's artworks as a result of a disclaimer, but as a result of the exercise of the power conferred in terms of an election under

---

a disclaimer by the surviving spouse, be considered as passing from the decedent to such spouse, and if a disclaimer of such interest is made by such spouse, then such interest shall, for the purposes of this section, be considered as passing to the person or persons entitled to receive such interest as a result of the disclaimer.

[10] In support, petitioners cite the following excerpt from S. Rept. No. 1013 (Part II), 80th Cong., 2d Sess. (1948), 1948-1 C.B. 285, 334:

"if the surviving spouse disclaims a bequest of the decedent to her and the property falls into the residue passing to other persons, no marital deduction is permitted with respect to such property. The property is considered as passing from the decedent to the residuary legatees. If, in such a case, however, the surviving spouse is the residuary legatee, the interest which she so disclaimed is considered as passing to her from the decedent (as a result of the disclaimer) for the purposes of the marital deduction."

However, as discussed in the text, had Mrs. Neugass merely disclaimed her life interest, she would have received nothing, for Nancy's life use would have begun immediately.

Article Fifth (b) of the will.[11]

We are compelled to conclude that petitioners are not entitled to the disputed deduction.

*Decision will be entered under Rule 155.*

[11] Sec. 20.2056(e)-2(c), Estate Tax Regs., contains rules applicable if the surviving spouse may elect between a property interest offered her under the decedent's will and a property interest to which she is otherwise entitled, such as dower or other statutory share. Such an election relates back to decedent's death. Significantly, however, that section applies only to "a property interest to which she is otherwise entitled," not to a power to enlarge an interest from a life estate to absolute ownership. See *Allen v. United States,* 359 F.2d at 155.

Other bequests were made to Mrs. Neugass, and the notice of deficiency allows the estate a marital deduction of $305,579.09. Petitioners do not contend that Mrs. Neugass, in electing to take absolute ownership of the several items of decedent's art collection, was exercising the right of election by a surviving spouse permitted by N.Y. Est., Powers & Trusts Law sec. 5-1.1(a)(1)(A) and (D) (McKinney 1967).

