ESTATE OF ANTON L. TRUNK, DECEASED, CLARA P. TRUNK, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7259-72.    Filed November 3, 1975.

*Jerome Kamerman,* for the petitioner.
*E. Noel Harwerth,* for the respondent.

---

OPINION

Decedent died on May 14, 1968. In his last will and testament, the decedent made various specific bequests of properties comprising a portion of his estate to Chemical Bank New York Trust Co., and Harold J. Treanor, as trustees, to pay the income therefrom, after the deduction of certain expenses and charges to his wife during her life and to certain named individuals. Upon her death or upon the death of the survivor of them, the properties in question were bequeathed to St. John's Episcopal Church of Larchmont and the Presbyterian Home for Aged

Women, respectively. Both bequests qualify as charitable deductions under section 2055.

In addition to the specific bequests made by the decedent in his will, by letter dated July 23, 1971, addressed to Harold J. Treanor, Esq., as trustee, Clara Poey Trunk requested payment of an additional sum of $200,000 as "my elective bequest as provided in Paragraph Seventh" of the will. The trustee duly complied with her request. In filing the Federal estate tax return, the petitioner, as executrix of the decedent's estate, included $200,000 received pursuant to that request in the residuary estate of the decedent for purposes of computing the marital deduction under section 2056(a).[2]

Section 2056(a) provides that the marital deduction is computed by deducting from the value of the gross estate an amount equal to the value of any interest in property passing from a decedent to his surviving spouse, subject to the limitations in subsections (b), (c), and (d).

Respondent argues that section 2056(b)(4) provides that, in determining the value of any interest in property passing to the surviving spouse for which a deduction is allowed under subsection (a), any encumbrance or obligation to which such interest is subject is to be taken into account in the same manner as if the amount of a gift were being determined.

Thus, respondent's position is that the language of paragraph Seventh of decedent's will is clear. The decedent directed that the trust property be mortgaged not for the purpose of delivering to petitioner an additional $200,000 bequest outright, but for the purpose of paying Federal estate and State inheritance taxes under any provision of his will. Respondent contends that the bequest is "contingent" in that the bequest could be appropriated to the payment of taxes.

In the alternative, respondent also contends that if in fact an interest in property passed to the surviving spouse, such interest fails to qualify for the marital deduction since it constitutes a terminable interest under section 2056(b)(1).

---

[2] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

Under this approach respondent argues that petitioner possessed a restricted right to invade corpus which would terminate at her death, and the trust corpus, of which the interest in question was a part, would pass to a beneficiary other than petitioner or her estate.

Petitioner contends that the language contained in paragraph Seventh of decedent's will is unclear, and that parol evidence of the intent of the decedent should be admitted to aid construction thereof. On the basis of such evidence as was proffered by the petitioner, it is claimed that an unemcumbered "elective bequest" was intended rather than a contingent bequest, and that, in any event, the bequest was not a nondeductible terminable interest, but rather a discretionary power of appointment which qualifies for the marital deduction under section 2056(b)(5).

Both parties thus construe paragraph Seventh of the will as embodying an additional bequest of up to $200,000 to the wife of the decedent, albeit that the respondent argues that such bequest is conditional or terminable and does not qualify for the marital deduction.

In the opinion of the Court both parties may be in error in thus construing the language of paragraph Seventh of decedent's will. The Court is unable to find any intent on the part of the decedent to bequeath an additional $200,000 to his wife in paragraph Seventh of the will.

Our conclusion in this respect is predicated upon a comparison of paragraph Sixth of the will and paragraph Seventh of the will. Both provided for the income of the respective trusts to be applied first to the payment of certain expenses "as well as the payment of administration, legal expenses and Federal and State Estate Taxes and Income Taxes."

With respect to the property bequeathed in trust pursuant to paragraph Sixth of the will, however, the trustees could not sell, encumber, or otherwise dispose of the property except under specific conditions. In other words, paragraph Sixth of the will left the trustees little or no discretion to encumber or to invade the corpus of the trust for any purposes other than the maintenance and preservation of the trust property.

On the other hand, in paragraph Seventh of the will the decedent gave the trustees discretion to borrow funds against the security of the trust property *either* to pay and discharge "any"

Federal or State inheritance taxes *or* to make distribution to the decedent's wife. The pertinent section of paragraph Seventh reads, as follows:

> In the event my TRUSTEES shall certify in writing that it is requisite, necessary or desirable to borrow a sum of money, my said TRUSTEES are hereby authorized and empowered to do so up to, but not in excess of, the sum of $200,000. * * * Said sum so borrowed shall be turned over, in whole or in part, to my wife, CLARA POEY TRUNK, if so requested by her in writing and/or used, in whole or in part, to pay and discharge any Federal of [sic] New York State Estate or Inheritance Taxes under any provisions of this, my Will. * * *

Nothing additional was bequeathed by this language. Rather, the decedent was providing a source of funds to meet the liability for inheritance taxes, or the bequests to his wife otherwise provided for in the will. See *Estate of Amory Lawrence Haskell,* 58 T.C. 197 (1972).[3]

Nevertheless, in view of the differing interpretations of that language by the respondent, the petitioner, and the Court, we will assume for purposes of considering petitioner's proffer of proof that decedent's intent cannot be determined solely from a reading of the will. If the petitioner had proffered proof of circumstances which might serve to clarify the language in dispute, the Court would be prepared to admit such proof. *Estate of Tilyou v. Commissioner,* 470 F.2d 693 (2d Cir. 1972).

Petitioner proffered the testimony of Harold J. Treanor, decedent's attorney, who drafted the will. Mr. Treanor sought to testify with respect to conversations with the decedent when they lunched together after the will had been executed. In substance, he would testify that the decedent told him it was his intention to give his wife $200,000 if she needed it. When the witness was asked why he did not suggest to the decedent that the will be so drawn, the witness replied that the deceased would not have accepted such advice.

---

[3] In the determination of the estate tax, the burden rests on this Court to interpret the will, irrespective of any proceedings in the State courts. *Commissioner v. Estate of Bosch,* 387 U.S. 456 (1967). While our interpretation of the will would seem to be in conflict with the consent of the Presbyterian Home for Aged Women to the accounting filed by the trustee showing the distribution of an additional $200,000 to Mrs. Trunk, this may prove nothing. Reading between the lines, Mrs. Trunk's letter requesting the payment of the $200,000 reminded the trustees and the other beneficiaries that her share of her husband's estate pursuant to the will was less than she would have been entitled to receive under New York law if she had renounced the will. N.Y. Est., Powers & Trust Law sec. 5-1.1 (McKinney 1967).

This testimony did not concern facts and circumstances surrounding the execution of the will. According to such testimony, paragraph Seventh was written in the exact language demanded by the decedent. Such testimony with respect to the declared intent of the decedent, as distinguished from circumstances evidencing such intent, is not admissible. *Estate of Edward N. Opal*, 54 T.C. 154, 160 (1970), affd. 450 F.2d 1085 (2d Cir. 1971), and cases cited therein. The petitioner was unable to establish on the basis of any admissible evidence, either received or proffered, that the decedent thereby intended to give Mrs. Trunk the unqualified right to demand and receive an additional $200,000 under the will.

Accordingly, it is the opinion of the Court that petitioner has failed to establish that the will of the decedent provided for an unconditional bequest to her, as wife of the decedent, or an additional $200,000 which will qualify for the marital deduction. Petitioner's alternative contention, that decedent intended to confer an absolute power of appointment upon her, also must fail for lack of proof.

With respect to the second issue, respondent has charged a proportionate share of the Federal estate and New York inheritance taxes to the corpus of each of the trusts provided for by paragraph Sixth and paragraph Seventh of the will, thereby reducing the value of the charitable remainders.

Section 2055(a)(2) provides that the taxable estate should be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers exclusively for religious, charitable, scientific, literary, or educational purposes. Pursuant to section 2055(c) where the Federal estate tax or any estate, succession, legacy, or inheritance tax is payable out of property transferred to the charity, the value of the charitable bequest must be reduced by the amount of such taxes in determining the amount deductible from the gross estate.[4]

The apportionment of Federal and State inheritance taxes is governed by State law. *Riggs v. Del Drago*, 317 U.S. 95 (1942). Section 2-1.8 of the New York law provides, in part, as follows:[5]

(a) Whenever it appears in any appropriate action or proceeding that a fiduciary has paid or may be required to pay an estate or other death tax, under

---

[4] The prescribed formula was sustained in *Dulles v. Johnson*, 273 F.2d 362 (2d Cir. 1959).

[5] N.Y. Est., Powers & Trust Law sec. 2-1.8 (McKinney 1967).

the law of this state or of any other jurisdiction, with respect to any property required to be included in the gross tax estate of a decedent under the provisions of any such law (hereinafter called "the tax"), the amount of the tax, except in a case where a testator otherwise directs in his will, and except where by any instrument other than a will (hereinafter called a "non-testamentary instrument") direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such non-testamentary instrument shall be equitably apportioned among the persons interested in the gross tax estate, whether residents or non-residents of this state to whom such property is disposed of or to whom any benefit therein accrues (hereinafter called "the persons benefited") in accordance with the rules of apportionment herein set forth, and the persons benefited shall contribute the amounts apportioned against them.

(b) Unless otherwise provided, when a disposition is made by which any person is given an interest in income or an estate for years or for life or other temporary interest in any property or fund, the tax apportionable against such temporary interest and the remainder limited thereon is chargeable against and payable out of the principal of such property or fund without apportionment between such temporary interest and remainder. The provisions of this paragraph apply although the holder of the temporary interest has rights in the principal, but do not apply to a common law annuity.

(c) Unless otherwise provided in the will or non-testamentary instrument:

(1) The tax shall be apportioned among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes.

It is settled law in New York that the apportionment provided for by statute controls in the absence of clear direction by the testator to the contrary. *In re Dettmer's Will,* 179 Misc. 844, 40 N.Y.S. 2d 99 (Kings County Surr. Ct. 1943). In the case of the decedent's will, the Court is unable to find a clear expression of intent that the Federal and State estate or inheritance taxes not be apportioned to the charitable remainder interest in accordance with law.

The petitioner relies primarily on the order of payment of income by the trustees as set forth in paragraph Sixth and paragraph Seventh of the will. In the case of the trusts set up under those paragraphs, the will specifically directs the trustee to apply the income to the payment of applicable Federal and State estate taxes prior to the distribution of any of such income to the beneficiaries. On the other hand, a similar direction with respect to the order of payment appears in paragraph Eighth of the will although the amounts distributable thereunder are described as

installments of "principal." The direction there applies to receipts of both principal and income. Furthermore, where the decedent intended that there be a charge to the corpus of the trust without apportionment, as in the case of the trustees' commissions on account of the payments bequeathed in trust under paragraph Eighth, the will's direction is clear and unequivocal.

From a reading of the will as a whole, therefore, it is the opinion of the Court that in the disposition of the income of the trusts in paragraph Sixth and paragraph Seventh the decedent was not intending to negate the rule of apportionment. Rather, the language relied on by petitioner refers to the source of the funds to be used in order to pay all costs, including taxes, rather than the apportionment of such taxes as between the interest passing to the life beneficiaries and the interest passing to the charitable remainders. The logic of this conclusion is further supported by the provision in paragraph Seventh empowering the trustees to borrow up to $200,000 against the corpus of that trust in order to pay such taxes.

Respondent further argues that payment of any of the Federal or New York estate taxes out of the income of the trust would require an accumulation of income for the purpose of paying such taxes which would be void under section 9-2.1 of the New York law.[6] Cf. *In re Talbot's Will,* 170 Misc. 138, 9 N.Y.S. 2d 806 (Orange County Surr. Ct. 1939). In view of our construction of the will, we need not consider that question.

*Decision will be entered under Rule 155.*

---

[6] N.Y. Est., Powers & Trusts sec. 9-2.1 (McKinney 1967).