ESTATE of George C. MACKIE,
Deceased.

Kathleen G. Robinson MACKIE,
Executrix, Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellant.

No. 76–1206.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1976.

Decided Nov. 30, 1976.

John A. Dudeck, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

Robert E. McQuiston, Philadelphia, Pa. (Robert R. Batt, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., I. Beverly Lake, Jr., Raleigh, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals from a holding of the Tax Court that a certain bequest to a surviving spouse was not a "terminable interest,"[1] and therefore was deductible from decedent's adjusted gross estate under § 2056(a), of the Internal Revenue Code of 1954, as amended,[2] 26 U.S.C. § 2056(a).

Mackie died testate in North Carolina. Item nine of his will, which is the bequest in question, provided that the surviving spouse, Mrs. Mackie, was to have the option

---

1. A terminable interest is defined by 26 U.S.C. § 2056(b) as one which "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, . . . will terminate or fail," provided that, upon such failure, some other person who has not paid adequate consideration may possess or enjoy it.

2. 26 U.S.C. § 2056(a) allows a deduction in computing the taxable estate of a decedent "equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse," up to the value of one-half of the adjusted gross estate.

884

of taking enough properties from his residuary estate sufficient to obtain the maximum allowable marital deduction. The bequest continued,

"My said wife shall have, however, the right to elect whether to accept this devise, bequest and appointment or to reject it, or to accept it in part and reject it in part, which election she shall make by a statement in writing to that effect delivered to my executrix within four months from the date of my death. The failure of my said wife to deliver such statement to my executrix within such time shall be deemed an election by her to reject this devise, bequest and appointment in full."

The effect of a rejection would be for the property subject to the election to go into a residuary trust, in which the income would be distributed to Mrs. Mackie and Mackie's children at the discretion of the Trustee and in which the two sons had a remainder interest. Mrs. Mackie elected to accept property under the terms of item nine, and such property so accepted by Mrs. Mackie was claimed as a part of the marital deduction under 26 U.S.C. § 2056(a).

The Commissioner asserts that, since a person other than the surviving spouse could, under the terms of the bequest, if Mrs. Mackie did not elect to take under item nine, come into the possession or enjoyment of the property, the bequest is a non-deductible terminable interest. The Tax Court held, however, that the mere requirement of a formal written acceptance did not distinguish this case from those holding that a right of election against a will is not a disqualification to claim the property so received as a part of the marital deduction so long as the interest that passes to the surviving spouse is nonterminable. *Dougherty v. United States,* 292 F.2d 331 (6th Cir. 1961); *United States v. Traders National Bank of Kansas City,* 248 F.2d 667 (8th Cir. 1957). We agree, and are of opinion the interest passing to Mrs. Mackie under item nine of the will was not a terminable interest, so that the estate should be permitted to include the amount as a part of the marital deduction.

We have carefully considered the Commissioner's position, and conclude that the opinion of the Tax Court was free from reversible error. We accordingly affirm for reasons sufficiently stated in the opinion of the Tax Court, reported as 64 T.C. 308 (1975).

*AFFIRMED.*