ESTATE OF CHARLES RAY TOMPKINS, DECEASED, WILLIAM A. TOMPKINS, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3098–76.   Filed September 13, 1977.

*Robert L. McConn,* for the petitioner.
*Dale L. Newland,* for the respondent.

### OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $11,663.89 in decedent's estate tax. Petitioner concedes that the Estate of Charles Ray Tompkins is not entitled to a real estate tax deduction of $492. The only issue remaining is whether the estate is entitled to a marital deduction under section 2056 with respect to certain property received by decedent's surviving spouse under the terms of his will.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of

facts and attached exhibits are incorporated herein by reference.

Petitioner is the duly qualified executor of the Estate of Charles Ray Tompkins, deceased, and resided in Fort Lauderdale, Fla., at the filing of the petition herein. The Federal estate tax return was filed with the Internal Revenue Service Center in Ogden, Utah. The decedent died on July 18, 1972, a resident of Grafton, N. Dak. His will, dated August 13, 1956, accompanied by two codicils, dated November 18, 1963, and January 27, 1971, was probated on August 11, 1972. Letters testamentary were issued on August 11, 1972, naming the decedent's son, William A. Tompkins, as executor.

The decedent's will provided for the surviving spouse, Clara Tompkins, as follows:

### V.

I give and bequeath to my son, William A. Tompkins and Northwestern National Bank of Minneapolis, as trustees, Eighty Thousand Dollars, in cash or securities to be selected by my trustees, to be by them held, managed and expended upon the conditions herein set forth. This trust shall be known as the CLARA TOMPKINS TRUST.

The income from such trust fund shall be used by my trustees to pay to my said wife, commencing as of the day of my death, the sum of Three Hundred Fifty Dollars per month as long as she shall remain my widow. Upon the death or remarriage of my wife, this trust shall terminate, except that in case of her death my trustees shall provide for her a suitable burial. Upon such termination, the residue of the trust shall vest in my said son, if living, and if he is not living, then it shall vest in his issue.

The first codicil to the decedent's will provided for the surviving spouse, as follows:

### I.

I hereby give and grant to my wife, Clara Tompkins, an option to take and receive from my estate the sum of Forty Thousand Dollars in cash in lieu of the trust provision created for her by Paragraph V of said last will and testament. In the event my wife shall elect to take cash in accordance with the provision of this codicil, then the provision of the aforesaid Paragraph V of my last will and testament shall be null and void and the funds therein mentioned shall be deemed a part of the residue of my estate. This option may be exercised by giving my executor written notice within sixty days after his qualification as such executor.

On August 1, 1972, the surviving spouse submitted a written election to receive the $40,000 bequest in lieu of the

life estate. The election was properly made pursuant to paragraph I of the first codicil.

The issue is whether the estate is entitled to a marital deduction under section 2056(a) for the $40,000 paid to the decedent's surviving spouse. Respondent contends that the estate is not entitled to the deduction because the right to elect a cash legacy is in substance and effect a power of appointment, not an "interest in property" within the meaning of section 2056(a). In the alternative he argues that even if the surviving spouse did acquire an "interest in property" from the decedent, it is a nondeductible, terminable interest as defined in section 2056(b)(1). Petitioner contends simply that the interest passing at death was a vested, indefeasible right to $40,000, which was properly deducted under section 2056(a).

In support of his first contention, respondent relies on the legislative history behind the marital deduction and on *Estate of Neugass v. Commissioner*, 65 T.C. 188 (1975), revd. and remanded 555 F.2d 322 (2d Cir. 1977). According to S. Rept. 1013 (Part 2), 80th Cong., 2d Sess. (1948), reprinted in 1948–1 C.B. 331, 343, a power of appointment includes "any power which in substance and effect is such a power regardless of the nomenclature used in creating the power and local property law connotations." Assuming the bequest to the surviving spouse to be a power of appointment, respondent thus argues that the bequest is not an "interest in property" within the meaning of section 2056(a) unless the exceptions of section 2056(b)(5) or section 2056(b)(6) are satisfied. Because those exceptions are not satisfied, the bequest is nondeductible under section 2056(a).

However, respondent's basic assumption that the right to elect a cash legacy is in substance and effect a power of appointment is unfounded. This Court considered a similar argument in *Estate of Mackie v. Commissioner*, 64 T.C. 308 (1975), affd. per curiam 545 F.2d 883 (4th Cir. 1976), and rejected it. We reject it again. In *Mackie*, the decedent had bequeathed to his surviving spouse properties to be selected by her sufficient in value to obtain the maximum marital deduction. She could accept or reject the bequest completely or partially by a written election within 4 months of the decedent's death. A failure to elect was deemed to be a

rejection of the bequest. Among other things, respondent contended that no "interest in property" passed to the surviving spouse upon the decedent's death. We held that the surviving spouse had received "the absolute right to take outright a specified portion of [the] decedent's estate," which is indeed an "interest in property" within the meaning of section 2056(a). *Estate of Mackie v. Commissioner*, supra at 314. See also S. Rept. 1013 (Part 2), *supra*, 1948–1 C.B. at 333.

Like the surviving spouse's right of election in *Mackie*, the right in this case is an absolute right to take a nonterminable interest. Both the right to elect the $40,000 bequest and, if elected, the $40,000 bequest itself vested from the date of the decedent's death. See N.D. Cent. Code sec. 56–05–25 (1972). Thus we hold the interest involved herein to be in substance and effect an "interest in property" within the meaning of section 2056(a), not a power of appointment.

Respondent argues, however, that this Court's opinion in *Estate of Neugass v. Commissioner*, 65 T.C. 188 (1975), revd. and remanded 555 F.2d 322 (2d Cir. 1977), is controlling here. We disagree. In *Neugass*, the decedent's will gave his surviving spouse and daughter successive life estates in his art collection and the remainder to a foundation. Within 6 months of the decedent's death, his surviving spouse could elect to take absolute ownership of any items in the collection. This Court held that the surviving spouse received a power of appointment over the items of which she properly elected to take absolute ownership. Because the power did not satisfy either section 2056(b)(5) or section 2056(b)(6), we upheld the Commissioner's disallowance of the estate's marital deduction for the value of the items so selected. On appeal, the Second Circuit Court of Appeals reversed our decision. After reviewing the terms of the decedent's will especially in relation to applicable State law and to the decedent's testamentary intent, the Court of Appeals concluded that the surviving spouse had received "a mere election between alternatives," not a power of appointment. 555 F.2d at 327.

While applying the same principles established in *Estate of Mackie v. Commissioner, supra,* we had reached a different result in *Neugass* because of our differing interpretation of applicable State law. Specifically, we found that the surviving spouse's right to elect absolute ownership in *Neugass* "did not

purport to relate back to decedent's death but was effective as of July 2, 1969, the date she executed and filed her election with the Surrogate's Court." *Estate of Neugass v. Commissioner*, 65 T.C. at 193–194. Because of that finding, we held that no "interest in property" within the meaning of section 2056(a) passed at the date of the decedent's death. We do not, however, consider our opinion in *Neugass* or its subsequent reversal to alter the basic principle established in *Mackie*. There is no substantial difference between an elective testamentary bequest of a nonterminable interest which relates back to the testator's death and a spouse's election against a will under State law. Both qualify for the marital deduction so long as the interest actually passing is nonterminable. *Estate of Neugass v. Commissioner*, 555 F.2d 322, 328; *Estate of Mackie v. Commissioner*, 64 T.C. at 312.

Respondent alternatively contends that even if the surviving spouse acquired an "interest in property" within the meaning of section 2056(a), it is a nondeductible, terminable interest under section 2056(b)(1).[2] Because the surviving spouse must personally elect the $40,000 bequest, her right to the $40,000 should be viewed as terminable at the date of the decedent's death. Unless the election is made and timely made, her interest will fail. Thus the interest is contingent and, therefore, terminable. See also Stephens, Maxfield, & Lind, Federal Estate and Gift Taxation 5–98 n. 141 (3d ed. 1974).

We do not, however, read section 2056(b)(1) so strictly. This Court has never considered the mere procedural requirement of a personal election by the surviving spouse to be a contingency for purposes of section 2056(b)(1). See, e.g., *Estate*

---

[2] Sec. 2056(b)(1) reads in pertinent part:

SEC. 2056(b). LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

*of Mackie v. Commissioner, supra* at 311; *Estate of Rensen-house v. Commissioner,* 31 T.C. 818, 821 (1959). Thus it is well established that the mere presence of a right of election against a will is not a disqualification so long as the interest which passes to the surviving spouse is nonterminable. *Dougherty v. United States,* 292 F.2d 331, 336 (6th Cir. 1961); *United States v. Crosby,* 257 F.2d 515, 519 (5th Cir. 1958); *United States v. Traders National Bank of Kansas City,* 248 F.2d 667, 669 (8th Cir. 1957); *Hawaiian Trust Co. v. United States,* 412 F.2d 1313, 1314 (Ct. Cl. 1969). And the result is the same whether the right of election is encompassed by will or by statute. *Estate of Mackie v. Commissioner, supra* at 312.

Nevertheless, respondent argues that because the right to elect is personal to the surviving spouse, her death could cause a failure of that right. Thus, if the surviving spouse did not in fact survive the decedent or died before properly electing her bequest, the interest would have failed. It is clear that survival is not a condition which makes an interest terminable. Sec. 2056(b)(3).[3] Moreover, we do not consider the surviving spouse's interest in the $40,000 bequest to be otherwise contingent.[4] The written election is a mere procedural formality; there is no substantial condition, other than

---

[3] Sec. 2056(b)(3) reads:

SEC. 2056(b)(3). INTEREST OF SPOUSE CONDITIONAL ON SURVIVAL FOR LIMITED PERIOD.—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

(B) such termination or failure does not in fact occur.

[4] Sec. 2056(b)(3) is not dispositive of the argued contingency of the spouse's death after the decedent's death but before electing the alternative bequest. Because the will requires the election to be made within 60 days after the qualification of the executor, the election could be made more than 6 months after the decedent's death. This would occur, for example, where the executor does not qualify as such until 6 months after the decedent's death. Because the spouse would have another 60 days from such qualification to elect the alternative bequest, it is possible that she might die before the 60 days ran without ever having elected the bequest. Thus her death could arguably cause a failure of the election more than 6 months after the decedent's death. Because we must look at any contingencies which may occur from the date of the decedent's death, *Jackson v. United States,* 376 U.S. 503 (1964), the 6-month amnesty of sec. 2056(b)(3) would not be available for this second, arguable contingency.

survival, attached to the spouse's enjoyment of the bequest. Compare *Allen v. United States,* 359 F.2d 151 (2d Cir. 1966), with *United States v. First National Bank & Trust Co. of Augusta,* 297 F.2d 312 (5th Cir. 1961).

In *Heidrich v. Commissioner,* 55 T.C. 746, 752–753 (1971), the issue was whether unexpended trust funds would pass to the donee upon his attaining the age of 21. At any time after attaining 21, the donee could make a written demand which, upon receipt by the trustee, would terminate the trust forcing delivery of the trust funds to the donee. In holding that the ʳunds did pass to the donee at age 21, we stated:

While making such a written demand might constitute a "positive act" (to borrow from the language of Rev. Rul: 60–218, * * *), some sort of positive action, whether it be signing a check or physically grasping a corporate bond, is almost always necessary to place property within one's absolute and immediate possession. Here, where the only impediment to the donee's use and possession of the unexpended trust funds will be the submission of a written demand to the trustee and *where the written demand will be purely within the donee's power to make, we must conclude that the trust funds will pass to the donee at the time the right to make the written demand accrues.* * * * [55 T.C. at 753; emphasis added.]

We think that reasoning applies equally to the case at hand. At the date of the decedent's death, the surviving spouse needed only to make her written election to take the $40,000 bequest. The fact that the election might be made within more than 6 months after the decedent's death does not make the interest actually received terminable.

Although the surviving spouse's death before electing the bequest could prevent her from so electing, once elected, the bequest is nonterminable and, therefore, deductible. See *Estate of Green v. United States,* 441 F.2d 303, 307–308 (6th Cir. 1971); *Hamilton National Bank of Knoxville v. United States,* 353 F.2d 930, 932–933 (6th Cir. 1965); *United States v. First National Bank & Trust Co. of Augusta, supra* at 315–317; *Estate of Gale v. Commissioner,* 35 T.C. 215 (1960); sec. 20.2056(e)–2(c), Estate Tax Regs.; see also Rev. Rul. 76–199, 1976–1 C.B. 288, 289. Cf. *Estate of Abely v. Commissioner,* 60 T.C. 120 (1973), affd. 489 F.2d 1327 (1st Cir. 1974). We reach this result because we find the requirement of a written election to be a mere procedural formality. In this regard we distinguish *Estate of Abely v. Commissioner, supra.* There we held a widow's allowance to be a terminable interest within

the meaning of section 2056(b)(1). The allowance was personal to the widow; unless a decree awarding it became final before her death, the right to the allowance would not survive her. Citing relevant State law, we emphasized that the death of the widow, even before an appeal from an award of the allowance was heard, would terminate her right to the allowance. We do not consider the award of a widow's allowance only by final decree of court to be a mere procedural formality. However, where the surviving spouse need only indicate in writing her desire to take an alternate bequest, we must conclude that the bequest passes to the spouse at the time that the right to so elect accrues.

Because other adjustments have been agreed to by the parties,

*Decision will be entered under Rule 155.*