ESTATE OF ANTON L. TRUNK, DECEASED, CLARA P. TRUNK, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Trunk v. Commissioner
Docket No. 7259-72.
United States Tax Court
T.C. Memo 1978-112; 1978 Tax Ct. Memo LEXIS 400; 37 T.C.M. (CCH) 497; T.C.M. (RIA) 780112; March 22, 1978, Filed Jerome Kamerman *401 and Steven Kamerman, for the petitioner. Richard S. Kestenbaum and Michael A. Zimmerman, for the respondent. QUEALY
SUPPLEMENTAL MEMORANDUM OPINION QUEALY, Judge: This proceeding arises out of the remand of this Court's opinion (65 T.C. 230 (1975)) by the United States Court of Appeals for the Second Circuit. Estate of Anton L. Trunk v. Commissioner,550 F.2d 81 (2d Cir. 1977). Decedent died on May 14, 1968. In his last will and testament, the decedent made various specific bequests of properties comprising a portion of his estate to Chemical Bank New York Trust Co. and Harold J. Treanor, as trustees, to pay the income therefrom, after the deduction of certain expenses and charges, to his wife during her life and to certain named individuals. Upon her death or upon the death of the survivor of them, the properties in question were bequeathed to St. John's Episcopal Church of Larchmont and the Presbyterian Home for Aged Women, respectively. Both bequests qualify as charitable deductions under section 2055. [1]
*402 With respect to the bequest to the Presbyterian Home for Aged Women, the testator further provided: In the event my TRUSTEES shall certify in writing that it is requisite, necessary or desirable to borrow a sum of money, my said TRUSTEES are hereby authorized and empowered to do so up to, but not in excess of, the sum of $200,000.00 and, for such purpose, to mortgage my aforesaid interest in the property constituting the corpus of this trust, and to make, issue and deliver such bond or note and mortgage and any other instruments as may be proper and necessary. Said sum so borrowed shall be turned over, in whole or in part, to my wife, CLARA POEY TRUNK, if so requested by her in writing and/or used, in whole or in part, to pay and discharge any Federal or New York State Estate or Inheritance Taxes, under any of the provisions of this, my Will. In accordance with the above-quoted paragraph, the decedent's widow requested the trustee to turn over to her as her "elective bequest" the sum of $200,000.00, and the trustee did so. The principal issue relates to whether said sum is deductible from the gross estate as a marital deduction under section 2056(a). Section 2056(a) provides *403 that the marital deduction is computed by deducting from the value of the gross estate an amount equal to the value of any interest in property passing from a decedent to his surviving spouse, subject to the limitations in subsections (b), (c) and (d). Respondent argued that the bequest, if any, was contingent and at best constituted a terminable interest. With respect to the testator's intent insofar as an intent unequivocally to bequeath to the widow the sum of $200,000.00, this Court found no ambiguity. Accordingly, the Court was unable to find that the testator had made an unqualified bequest to his widow in any amount. The Court refused to hear the testimony of the scrivener of the will. The court of appeals found otherwise. In brief, in light of the conflicting arguments by the parties with respect to the interpretation of the abovequoted paragraph, the appellate court remanded the case with the direction that this Court take into consideration any other evidence, including the testimony of the scrivener of the will, to ascertain the decedent's intent. Testimony was received from the lawyer who wrote the will. He testified that the language in question was chosen *404 by the testator. He further testified that the testator drew a new will about once a year, using pretty much the same language. When questioned by his attorney, the testator stated unequivocally that it was his intention to bequeath to his wife the sum of $200,000.00 if she asked for it, and stated that he (the testator) was confident that his wishes would be carried out. This Court finds no basis upon which to challenge such testimony. For purposes of this decision, we must assume that in using the language--which the appellate court has found to be ambiguous--the testator intended to give to his surviving spouse the unconditional right upon her request to receive the sum of $200,000.00. Under such circumstances, we are also constrained to hold that the respondent erred in disallowing the deduction of such sum from the gross estate under section 2056(b)(1). Estate of Tompkins v. Commissioner,68 T.C. 912 (1977); Estate of Neugass v. Commissioner,555 F.2d 322 (2d Cir. 1977). See also Estate of Tilyou v. Commissioner,470 F.2d 693 (2d Cir. 1972). In addition, respondent sought to invoke § 2-1.8 of the New York Estates, Powers *405 and Trust Law with respect to the apportionment of the estate tax. Subdivision (b) of that law provides, in the absence of a clearly expressed contention to the contrary, that the tax is payable out of the principal without apportionment between the life interest and the remainderman. In re Pepper's Estate,307 N.Y. 242, 120 N.E. 2d 807 (1954). The language in question directed the trustees to collect and pay the income as follows: To the payment and discharge of any and all liabilities and obligations arising out of or connected with the operation and maintenance of the trust property including, but not limited to, the payment of interest and amortization of mortgages, the discharge and satisfaction of mortgages, the payment of taxes and water charges, if any, as well as the payment of administration, legal expenses and Federal and State Estate Taxes and Income Taxes. With respect to Trusts No. 1 and No. 2, the court of appeals held that we were in error in construing such language to refer "to the source of the funds" rather than as an intent to negate the statutory rule of apportionment. [2] The court of appeals has construed the language so as to negate *406 the rule of apportionment. There remains solely the question, therefore, whether the direction to pay taxes out of income would result in an illegal accumulation of income within the meaning of § 9-2.1 of the Estates, Powers and Trust Law, i.e., the rule against perpetuities. That section provides that an accumulation may run as long as lives in being plus 21 years. All the designated income beneficiaries, including contingent beneficiaries, were living at the time of the testator's death. Any accumulation to pay the estate tax could not extend beyond the lives of the beneficiaries. Thus, the direction would not be violative of the rule against perpetuities. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. With respect to Trust No. 3, as the court of appeals points out, the estate tax must be apportioned to principal, since there was no income.↩